GEORGE HERRICK's (dependent's) CASE.

Suffolk.    January 15, 1914. — February 27, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Workmen's Compensation Act.*

Although under the workmen's compensation act the findings of the Industrial
Accident Board are conclusive as to all questions of fact, yet, where all the
evidence is reported, it may become a question of law whether there was evi-
dence warranting the findings.

A daughter of a deceased employee, a widower, whose death resulted from personal
injuries sustained in the course of his employment, may be found to have been
wholly dependent upon her father for support, if she received practically all
his wages and all her support came from him, although after her mother's
death, had it not been for her sense of duty and her belief that her father
needed her care, she might have continued to earn enough for her own support
and to be independent of him.

APPEAL to the Superior Court under St. 1911, c. 751, Part III,
§ 11, as amended by St. 1912, c. 571, § 14, from a decision of the
Industrial Accident Board.

The case was heard by *Crosby*, J., who made a decree that
Caroline Herrick, a daughter of George Herrick, the deceased
employee, was entitled to $4 a week for three hundred weeks from
March 7, 1913, the date of the injury that caused his death.
The insurer appealed.

The findings and decisions of the Industrial Accident Board
contained the following:

Caroline Herrick, a daughter of the deceased, testified before
the Industrial Accident Board that she had lived at home with
her father, as his housekeeper, since the death of her mother some
years before, receiving from him her board and room and other
necessaries.    There was no agreement between them as to re-
muneration.    As he was her father and needed her, she voluntarily
gave up her work in a factory, where she was earning $9 a week,
and remained at home to take care of him.    She testified that
she thought at the time of the death of her father she was as
of much if not more advantage to him than he was to her but
that she never intended to make any charge for her services
to her father.    She stated, on cross-examination by counsel of

the insurer, that the arrangement with her father was that she was his housekeeper and did the work of the house; and that the reason she kept house and did this work was because he was her father. If she had not kept house for her father she could have earned money enough to have had good board and lodging and have had some money besides. She further stated that in addition to his wages her father received $8 weekly from a married sister and daughter for board, and $15 a month as rent for the upper apartment of the house in which they lived. She considered herself wholly dependent upon him for support at the time of the injury and during the years she remained at home keeping house for him. To the question: "Every cent you got for support and every bit of support you got came from your father?" she answered "Yes."

The insurer presented to the board seventeen requests for rulings to the effect that Caroline Herrick was not dependent upon the earnings of the deceased employee for support.

The Industrial Accident Board found that Caroline Herrick was wholly dependent for her support on the payments and contributions to her from the deceased, and accordingly decided that there was due to her from the insurer a weekly compensation of $4 for a period of three hundred weeks from the date of the injury.

*J. M. Morrison,* for the insurer.

*G. C. Richards,* for the dependent.

SHELDON, J. Under the provisions of St. 1911, c. 751, Part II, § 7, the question whether Caroline Herrick was dependent wholly, partly, or at all, upon her deceased father for support, was a question of fact. There are many decisions to this effect in analogous cases. *Houlihan* v. *Connecticut River Railroad,* 164 Mass. 555. *American Legion of Honor* v. *Perry,* 140 Mass. 580, 590. *McCarthy* v. *New England Order of Protection,* 153 Mass. 314. *Daly* v. *New Jersey Steel & Iron Co.* 155 Mass. 1, 5. *Mulhall* v. *Fallon,* 176 Mass. 266. *Welch* v. *New York, New Haven, & Hartford Railroad,* 176 Mass. 393, 401. *Boyle* v. *Columbian Fire Proofing Co.* 182 Mass. 93, 100. *Mehan* v. *Lowell Electric Light Co.* 192 Mass. 53, 61, 62. *Wilber* v. *New England Order of Protection,* 192 Mass. 477. *Morena* v. *Winston,* 194 Mass. 378, 383.

As to all questions of fact, the findings of the Industrial Accident Board are conclusive. *Pigeon's Case,* 216 Mass. 51. *Dono-*

*van's Case, ante,* 76.   *Bentley's Case, ante,* 79.   Where, however, as here, all the evidence is reported, it may become a question of law whether there was any evidence upon which the finding could have been made, as in *Hodnett* v. *Boston & Albany Railroad,* 156 Mass. 86.

Looking however at this report, we cannot doubt that there was some evidence that she had been wholly dependent upon her father.  She received practically all of his wages, and she testified that all of her support came from him.  The fact that but for her sense of duty, because she thought that her father needed her care, she might have continued to earn enough for her own support, and to be independent of him, cannot be decisive as matter of law against her claim.  The board well might base its conclusions upon the facts as they were and not upon what might have been the case if her sense of filial duty had been weaker.

The report shows no error in the manner in which the insurer's requests were dealt with.  The decree of the Superior Court must be affirmed.

*So ordered.*