## IN RE LANMAN ET AL.

[No. 10,027.    Filed November 15, 1917.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Right to Compensation.—Sisters and Nieces.—Proof of Dependency.*—As §38 of the Workmen's Compensation Act, Acts 1915 p. 392, does not include sisters and nieces in any of the classes in which dependency is conclusively presumed, the dependency of a sister and a niece must be determined in accordance with the fact at the time of the death of the employe.   p. 640.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Right of Sister to Compensation.—Dependency.*—Where a sister of a deceased employe lived in his home for a number of years preceding his death with the understanding that deceased was to furnish the home and provide for her, and that she was to act as his housekeeper, and during such period deceased gave to the sister, who had no independent means of her own, all his earnings, with which the expenses of the home, including her entire support, were paid, the agreement does not show such a contractual relation as to deprive her of compensation as a dependent under the Workmen's Compensation Act, Acts 1915 p. 392, but rather the support was furnished in recognition of a moral obligation, and she was entitled to compensation as a total dependent, even though she may have been able to work for others and support herself.   p. 640.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Right to Compensation.—Niece.*—Where a deceased employe's niece, who was a minor and whose home was with her parents, stayed with deceased the greater portion of each week for several years when school was in session as a matter of convenience, the mere fact that during such time deceased gratuitously furnished her board, some of her clothes and some of her school supplies did not make her a dependent on him within the meaning of the Workmen's Compensation Act, Acts 1915 p. 392.   p. 643.

From the Industrial Board of Indiana.

Certified Questions of Law.

Proceedings under the Workmen's Compensation Act in the matter of one Lanman and others.   Questions of law certified by the Industrial Board.   *Questions answered.*

BATMAN, J.—Under the provisions of §61 of the Workmen's Compensation Act, Acts 1915 p. 392, as amended by the act of 1917, Acts 1917 p. 154, the Industrial Board has certified to this court certain questions of law, based upon the facts presented by a proceeding pending before that body, seeking the opinion of this court for guidance in determining such proceedings.

The statement of facts as submitted by the board is as follows: "On the 13th day of December, 1916, one William Lanman was in the employment of the Indianapolis Light and Heat Co., as a lineman at an average weekly wage of $17.53; that on said date the said William Lanman received a personal injury by an accident arising out of and in the course of his employment, resulting in his death on said date; that said employer had actual knowledge of the injury of the said William Lanman at the time that it occurred and executed a report thereof to the Industrial Board on said date and filed the same with said board on the 16th day of December, 1916; that the said William Lanman was unmarried at the time of his death; that he left no child or children surviving him and no descendants of any child or children; that the said William Lanman for approximately fifteen years prior to his death had been a resident of the city of Indianapolis, Indiana; that he owned a residence property in which he, his mother, Luella Grace Lanman, a sister, and a sister, Alice Lanman, lived together until about six years before his death; that during said time the said William Lanman provided the home, furnished it, and provided the food and clothing for his said mother and two sisters; that his mother died some six years prior to the death of William Lanman; that for several years prior to her death his mother was blind; that the sister Alice Lanman was in very poor health and died approximately

five years prior to the death of the said William Lanman; that during the time that the four lived together, and during the time that the three lived together, Luella Grace Lanman was the housekeeper and nursed her mother and invalid sister; that as a result of her confinement and arduous duties in nursing her mother and invalid sister, the health of Luella Grace Lanman failed, and for the last past five years she has been in an impaired condition of health; that upon the death of the mother of Luella Grace Lanman, Sarah Estella Lambert, a niece of William Lanman and of Luella Grace Lanman, took up her home with said William Lanman and the said Luella Grace Lanman and lived with them during the school term until the death of William Lanman; that during the time that she lived with Luella Grace Lanman and William Lanman, the said Sarah Estella Lambert was supported by the said William Lanman, who during said time provided her with a home, with food, some clothing and some of her school supplies; that during school terms it was the custom of Sarah Estella Lambert to return to the home of her mother and stepfather on Friday evenings and return again to the home of William Lanman on Monday mornings and remain at said home, except during her attendance at school, on Mondays, Tuesdays, Wednesdays, Thursdays and Fridays of each week, and during the vacation between school terms she lived at the home of her stepfather and her mother; that the said Sarah Estella Lambert was not at any time emancipated by her parents; that her living with her uncle and aunt was a matter of convenience to the said Sarah Estella Lambert in attending school and the provision made for her by William Lanman was purely gratuitous; that upon the death of the mother the said William Lanman advised Luella Grace Lanman not to worry over her condition; that he would furnish her a home and pro-

vide for her so long as he was able; that at said time the said William Lanman and the said Luella Grace Lanman entered into an understanding or arrangement whereby the said William Lanman was to furnish the home and provide for his said sister and in return therefor she was to act as housekeeper, and in consummation of said agreement or understanding the said William Lanman from said time until his death, did furnish the home and turned over to his said sister his entire earnings, out of which the expenses of maintaining the home, including food and clothing for both himself and sister and other necessary and incidental expenses were paid; that during said time except for a period of about three weeks, as hereinafter stated, the said Luella Grace Lanman acted as housekeeper and did all the housework including cooking, washing, etc.; that the said Luella Grace Lanman is a stenographer by profession and some three years before the death of William Lanman, by mutual arrangement between herself and her said brother, took up work in her profession, at which she continued for about three weeks, and upon finding that her health would not permit her to continue said work, she and her brother resumed their former method of living together and so continued until the death of William Lanman; that the said Sarah Estella Lambert was sixteen years of age on April 24, 1917; that at the time of the death of William Lanman she was neither physically nor mentally incapacitated from earnings."

Upon the foregoing facts the Industrial Board submits the following questions: (1) Was Luella Grace Lanman a dependent of William Lanman at the time of his death within the meaning of the Indiana Workmen's Compensation Act? (2) If a dependent, was she a total or a partial dependent? (3) Was Sarah Estella Lambert a dependent of William Lanman at the time

of his death within the meaning of the Indiana Workmen's Compensation Act? (4) If a dependent, was she a total or a partial dependent?

The questions submitted for our determination involve the dependency of a sister and niece on the earnings of an employe. The Workmen's Compensation

1. tion Act, *supra*, of this state makes certain provisions for dependents, but does not undertake to define dependency. Section 38 of such act specifies who shall be conclusively presumed to be wholly dependent for support upon a deceased employe, and then provides as follows: "In all other cases questions of dependency, in whole or in part, shall be determined in accordance with the fact, as the fact may be at the time of the injury." It will be found that sisters and nieces are not included in any of the classes in which dependency is conclusively presumed by the terms of the act. The fact of their dependency and the degree thereof must therefore be determined in accordance with the existing facts at the time of the death of the employe in question.

In considering the questions submitted, there are certain facts not clearly appearing which we shall assume, viz.: That the said Luella Grace Lanman was

2. relying on the said William Lanman, at the time of his death, for her present and future support, and that she had reasonable grounds for so relying. With these assumptions, we are clearly of the opinion that the facts stated show that the said Luella Grace Lanman was a total dependent of the deceased William Lanman, at the time of his death, within the meaning of the Indiana Workmen's Compensation Act. It cannot be said, under the facts stated, that Luella Grace Lanman was working for her brother at the time of his death, under a contract of employment, and for that reason she is not entitled to compensation as a depend-

ent. The statement of facts shows that at the time of the death of their mother the said William Lanman told his sister, Luella Grace, not to worry over her condition, and promised to furnish her a home as long as he was able; and that thereafter until his death he did furnish the home in which they lived, and turned over to his said sister his entire earnings, out of which the expenses of maintaining the home were paid, including her entire support. It is apparent that the deceased supported his sister as stated, not as a gratuity, but in recognition of a moral, if not a legal obligation to support her in accordance with the promise made when he induced her to remain in the home as housekeeper, and thereby become a nonproducer. And if she relied on such obligation and promise, such facts are sufficient to create a relationship of dependency, as a basis for compensation. *Kenney's Case* (1916), 222 Mass. 401, 111 N. E. 47.

The fact that the sister remained in the home of her brother, after the death of their mother, as a housekeeper, under an arrangement or understanding that the deceased was to furnish the home and provide for his sister, and in return therefor she was to act as his housekeeper, does not show such a contractual relation as to deprive her of compensation as a dependent. Such fact does not show a contractual rather than a family relation. It is quite natural in all family relations, not imposed by law, that there be an understanding or an arrangement as to the division of labor, contribution of funds and performance of duties, in the support of the family and maintenance of the home. The facts stated show no more than this in the relation between the brother and sister in question.

It appears that the said Luella Grace Lanman received her entire support from the earnings of her de-

ceased brother, and that she had no independent means of her own. Therefore, if she was a dependent of her deceased brother in any degree, she was a total dependent. This would be true, although she may have been able to work for others, and thereby earn wages with which to support herself. A fair and reasonable construction of the Indiana Workmen's Compensation Act, *supra*, does not require that a person, in order to be adjudged a dependent, must be incapable of supporting himself or herself by reason of physical or mental affliction. This construction finds support in the decisions of the court in a sister state, involving a workmen's compensation act with a provision with reference to dependents not conclusively presumed, identical with the Indiana Workmen's Compensation Act, *supra*. *Herrick's Case* (1914), 217 Mass. 111, 104 N. E. 432, L. R. A. 1916A 249; *Kenney's Case, supra*. But if a different construction should be given the act under consideration, the facts stated would justify a conclusion that the sister was physically unable to support herself from her earnings. This is made manifest from the statement that "as a result of her confinement and arduous duties in nursing her mother and invalid sister, the health of Luella Grace Lanman failed, and for the past five years she had been in an impaired condition of health," and from the further statement that about three years prior to decedent's death she undertook to resume her work as a stenographer, but was compelled to give it up after three weeks, as her health would not permit her to continue it. True, she may have had sufficient health to act as housekeeper for her brother, but it by no means follows that she was physically able to go from her home and earn sufficient wages at similar or other work for her support.

A careful consideration of the facts stated leads us to the conclusion that Sarah Estella Lambert was not

a dependent of William Lanman, at the time of
3. his death, within the meaning of the Indiana
Workmen's Compensation Act. It appears that
she was sixteen years old and not emancipated; that her
home was with her mother and stepfather, but she
stayed with her uncle and aunt five days of each week
for several years when school was in session as a matter
of convenience. The mere fact that her uncle did not
charge her for board and gratuitously furnished her
some clothing and school supplies does not make her a
dependent on him within the meaning of the act in question.

We therefore conclude from the statement of facts
submitted, when considered in connection with those
assumed, as stated, that the said Luella Grace Lanman
was a total dependent of William Lanman, at the time
of his death, within the meaning of the Indiana Workmen's
Compensation Act, *supra*. We further conclude
that the said Sarah Estella Lambert was not a dependent
of William Lanman at the time of his death, within
the meaning of said act.

NOTE.—Reported in 117 N. E. 671. Workmen's compensation: who are dependents within meaning of acts, L. R. A. 1916A 248, L. R. A. 1917D 157.