### Hugh Gavaghan's (dependent's) Case.

Suffolk.   November 18, 1918. — February 27, 1919.

Present: Rugg, C. J., De Courcy, Crosby, Pierce, & Carroll, JJ.

*Workmen's Compensation Act*, Dependence.   *Husband and Wife.*

Under St. 1911, c. 751, Part II, § 7 (*c*), as amended by St. 1914, c. 708, § 3 (*c*),
where an employee died as the result of an injury arising out of and in the course
of his employment, leaving a widow, with whom he was living at the time of his
death, and a daughter by a former marriage over eighteen years of age and
married but incapacitated from earning by reason of total blindness, the daughter,
as well as the widow, is conclusively presumed to be wholly dependent for support
upon such deceased employee, and the death benefit must be divided equally
between such widow and such daughter.

Appeal to the Superior Court under the workmen's compensa-
tion act, as amended, from a decision of the Industrial Accident
Board, awarding all the compensation allowed for the death of
Hugh Gavaghan, late of Lowell, who died on December 15, 1917,
from an injury received on December 11, 1917, to his widow
Elizabeth Gavaghan, excluding the claim of his daughter Anna F.
Mason, who was decided not to be a dependent under the act.

In the Superior Court the case was heard by *Chase*, J.   The
facts reported by the Industrial Accident Board are stated in the
opinion.   The judge made a decree in accordance with the de-
cision of the Industrial Accident Board awarding to Elizabeth
Gavaghan a weekly compensation of $8.23 beginning December 11,
1917, and continuing each week until the sum of $4,000 shall have
been paid, subject to the provisions of the act.   Anna F. Mason
appealed.

The case was submitted on briefs.

*F. S. Harvey*, for Anna F. Mason.

*J. E. O'Donnell*, for the widow.

Pierce, J.   The following agreed statement of facts filed in
the case contains all the evidence: "Hugh Gavaghan, late of
Lowell in the County of Middlesex, deceased, the employee, while
working at the Tremont and Suffolk Mills in said Lowell, received
a personal injury arising out of and in the course of his employ-

ment, on the 11th day of December, 1917, from which death resulted on the 15th day of December, 1917. The employee left surviving him a wife by a third marriage, Lizzie Gavaghan, of said Lowell, with whom he was living at the time of his death, and one child, Anna F. Mason, of said Lowell, by a former wife, who was over the age of eighteen years, but who is physically incapacitated from earning by reason of total blindness, and both the said Lizzie Gavaghan and the said Anna F. Mason have filed claims for compensation. The said Anna F. Mason at the time of the death of her father, the said Hugh Gavaghan, was married, and was living with her husband, Arthur Mason, of said Lowell, who is also totally blind. The said Lizzie Gavaghan is entitled to compensation as a person who is conclusively presumed to be wholly dependent for support upon the deceased employee, by virtue of paragraph (*a*) of § 7 of the workmen's compensation act, as amended by § 3 of chapter 708, acts of 1914, and the only question raised by this agreed statement of facts is whether the daughter, the said Anna F. Mason, is also a person conclusively presumed to be wholly dependent for support upon the deceased employee by virtue of that part of paragraph (*c*) of § 7 of the workmen's compensation act, as amended by § 3 of chapter 708, acts of 1914, which provides, among other things: '. . . provided, that in the event of the death of an employee who has at the time of his death a living child or children by a former wife or husband, under the age of eighteen years, (or over said age, but physically or mentally incapacitated from earning,) said child or children shall be conclusively presumed to be wholly dependent for support upon such deceased employee, and the death benefit shall be divided between the surviving wife or husband and all the children of the deceased employee in equal shares, the surviving wife or husband taking the same as a child.' The insurer has acknowledged liability, and is ready and willing to pay compensation when this question of dependency has been decided."

In the case of a child of a former wife or husband the Legislature considers neither the wealth, poverty, residence nor legal rights to support of that child, and concerns itself only with the question: Is the child under eighteen years of age, and if over, is he or she "physically or mentally incapacitated from earning?" If

under eighteen years of age or physically or mentally incapacitated from earning, the child is conclusively presumed by the terms of the act to be wholly dependent for support on the deceased employee. *Bott's Case,* 230 Mass. 152. *Holmberg's Case,* 231 Mass. 144. Upon the agreed facts the daughter is physically incapacitated from earning. It follows that the daughter Anna F. Mason is entitled to an equal share in the death benefit with the surviving widow. St. 1911, c. 751, Part II, § 7 (*c*), as amended by St. 1914, c. 708, § 3 (*c*).

*Decree reversed.*