DENNIS CRONIN'S (dependent's) CASE.

Worcester. September 29, 1919. — October 10, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Workmen's Compensation Act*, Dependency.

An only child of a deceased employee, who, at the time of the employee's injury, by St. 1911, c. 751, Part II, § 7 (*c*), is his sole dependent, does not cease to be so when he attains the age of eighteen years and by reason of his own earnings becomes self-supporting.

Where, in proceedings under St. 1911, c. 751, Part III, § 4, an agreement is made between an insurer and a guardian of an only child of a deceased employee who, by St. 1911, c. 751, Part II, § 7 (*c*), is the employees's sole dependent, providing for the payment to the child of a certain sum for a fixed period, the child's right to compensation in accordance with the agreement does not cease upon his reaching eighteen years of age and becoming self-supporting.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board, ruling that James F. Cronin, who, at the time of the death of his father, Dennis Cronin, an employee within the terms of the workmen's compensation act, was under eighteen years of age and his father's sole dependent under Part II, § 7 (*c*), of the act, and with whose guardian the insurer made an agreement to pay compensation for his benefit at the rate of $10 per week for four hundred weeks, did not cease to be entitled to a performance of the agreement when he became eighteen years of age and self-supporting; and ordering that the dependent was entitled to a continuance of the weekly payment of $10 for the balance of the four hundred weeks following the date of the employee's death, terminable only upon the death of the dependent.

The appeal was heard by *Keating*, J., and a decree was entered by his order in accordance with the decision of the Industrial Accident Board. The insurer appealed

*C. C. Milton,* (*F. L. Riley* with him,) for the insurer.

*A. H. Bullock & J. M. Thayer,* for the claimant, submitted a brief.

JENNEY, J. One Dennis Cronin died September 9, 1916, from an injury which arose out of and in the course of his employment. He left a son, James F. Cronin, then under the age of eighteen, who was his sole dependent. A finding was made by the Industrial Accident Board establishing these facts. On October 9, 1916, the insurer entered into an agreement with the duly appointed guardian of the son to pay compensation for his benefit in weekly payments of $10 for four hundred weeks. St. 1911, c. 751, Part II, § 14. No appeal was taken.

The son became eighteen years of age in December, 1917, and the insurer since that time has instituted proceedings before the board contending that it ought not to be compelled to make further payments because of this fact and because he has become self-supporting. The insurer does not seek any modification of the amount payable under the agreement, but only the suspension of all payments. In the present proceeding, the single member of the board found that the dependent was receiving a weekly wage of $17 and denied the request for suspension. There was no express finding that the dependent had become self-supporting, but we assume the existence of that fact. The full board adopted the findings of the single member, and held that the dependent was entitled to the continuance of the weekly payments. In the Superior Court, a decree was entered in accordance with the decision of the board.

The only question is whether the insurer is entitled to be relieved from the payments which it had agreed to make. The dependent at the time of the agreement was "conclusively presumed to be wholly dependent for support" on the father. St. 1911, c. 751, Part II, § 7, as amended by St. 1914, c. 708, § 3. Such dependency was created by the statute as of the time of the injury, and the amount payable, within defined limits, was controlled by the statute. St. 1911, c. 751, Part II, §§ 6, 7, as amended by St. 1914, c. 708, §§ 2, 3. Where dependency, as in this case, is not to be determined as a question of fact, but exists by virtue of the statute, it is not affected by the wealth or poverty of the dependent. *Bott's Case,* 230 Mass. 152. *Gavaghan's Case,* 232

Mass. 212. In Bott's case, it was held that the remarriage of the dependent widow to one from whom she received ample support did not terminate her right of compensation. This is decisive. There is no distinction between a widow conclusively deemed to be dependent and a son as to whom the same conclusive statutory presumption exists.

*Decree affirmed.*