OTTO BREHM v. LIEBENBERG & KAPLAN AND ANOTHER.[1]

May 4, 1928.

No. 26,693.

**Finding sustained that relator was not entitled to additional compensation for injury five months before.**
    The evidence sustains the findings and decision of the industrial commission appealed from.

Workmen's Compensation Acts—C. J. p. 122 n. 40.

---

See note in L. R. A. 1916A, 266; 30 A. L. R. 1277; 28 R. C. L. 828; 3 R. C. L. Supp. 1600; 4 R. C. L. Supp. 1872; 5 R. C. L. Supp. 1581; 7 R. C. L. Supp. 1011.

Certiorari to review an order of the industrial commission denying a continuation of compensation to relator for injuries sustained while in the employ of the defendant Liebenberg & Kaplan. Affirmed.

*Nicholas Doll,* for relator.

*Junell, Dorsey, Oakley & Driscoll* and *Leavitt R. Barker,* for respondent employer and Columbia Casualty Company, its insurer.

PER CURIAM.

Certiorari to review an order of the industrial commission.

Relator, Otto Brehm, was an employe of respondent Liebenberg & Kaplan. He was accidentally injured January 20, 1927. His employers furnished medical treatment and care and paid him compensation up to July 25, 1927. Compensation was then discontinued on the ground that relator had fully recovered from the injury and the disability therefrom had ceased. Proper notice was given, and the matter of further compensation was heard before a referee. Relator claimed that disability from the accident and injury continued, and asked that compensation be continued after July 25. The referee found that any disability after July 25 was

[1]Reported in 219 N. W. 292.

not the result of the accident and injury in question, and denied further compensation. The industrial commission, on appeal, affirmed the findings and decision of the referee.

It is conceded that relator was in a disabled condition after July 25, 1927, and unable to work. Whether this disability was a result of or caused by the accidental injury suffered in January, or was caused by disease not connected with or coming from the accidental injury, was the question tried. A recital of the evidence would serve no useful purpose. We find evidence in the record sufficient to sustain the decision. It was a question of fact. As triers of the facts we might have reached a different conclusion. Under the rules, often stated, governing this court in its review of findings of fact, we cannot reverse where there is evidence reasonably tending to sustain the findings. And where different minds might reasonably reach different conclusions from the evidence, we may not disturb a conclusion so reached.

Order affirmed.