JANESVILLE SAND AND GRAVEL COMPANY, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*November 9—December 4, 1928.*

For the appellant there was a brief by *Jeffris, Mouat, Oestreich, Avery & Wood* of Janesville, and oral argument by *Otto A. Oestreich.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

CROWNHART, J. Counsel for appellant ably argue that one may not become dependent by his voluntary act; that dependency, as understood in the compensation law, means actual dependency in fact. In other words, as we understand the position of appellant, it is that a dependent within the law must be incapable of earning his own support in whole or in part.

The legislature may very well have taken that view if it chose to do so. The question here is, Did it do so, or did it provide that one who draws her sole support from a parent, without any contractual relation and with no other means of support, is wholly dependent? Our act was largely modeled after the English act, and decisions under the English act are valuable aids in the construction of our act, especially decisions prior to our law.

Our act specifies who are conclusively presumed to be totally dependent, and then provides:

"In all other cases questions of entire or partial dependency shall be determined in accordance with the fact, as the fact may be at the time of the accident to the employee; . . ." Sub. (3), sec. 102.11, Stats. 1925.

It is unquestioned that claimant was drawing her entire support from her father at the time of his accident resulting

in his death. Does the fact that claimant was at that time capable of earning a living wage take her out of the class of dependents provided for in the act?

The able assistant attorney general, with commendable industry, has carefully collated the authorities. Turning to the decisions under the English act, we find the question has been definitely decided in favor of the claimant's contentions. The English act defines dependents as follows:

" 'Dependents' means such of the members of the workman's family as were wholly or in part dependent upon the earnings of the workman at the time of his death. . . ." Knocker's Digest of Workm. Comp. Cases, p. 247.

This statute very nearly corresponds to our own. As we have no cases directly in point in our court, the English cases are cited.

In *Marsh v. Boden,* 7 Workm. C. C. 110, 112, the applicant, thirty-nine years of age, was the only daughter of the deceased. She lived with her father, who gave her all of his wages, out of which she managed the home. A lodger was kept, whose money went into the general fund of which the daughter had the management. The county court judge held that the daughter was dependent on her father's earnings at the time of his death. In dismissing the appeal COLLINS, M. R., said:

"This point is not arguable. The county court judge has found as a fact that the applicant was wholly dependent on the earnings of her father. The lodger was the lodger of the father and not of the daughter because he was tenant of the house and the furniture belonged to him. The appeal must therefore be dismissed."

The leading Scottish case is *Moyes v. William Dixon, Lim.* 42 Scot. L. Rep. 319. The case was submitted on the following facts:

"(1) That James Moyes, the father of the appellant, was a wagoner in the employment of the respondents. (2) That the said James Moyes, while in the course of his employment,

was accidentally killed on the 11th August, 1904. . . . (5) That at the date of the death of the said James Moyes, the appellant, who was a daughter of the deceased, was a woman of about twenty-five years of age, in good health. (6) That for some time prior to November, 1899, she had been employed at Cathkin steam laundry, earning 9s. a week, and lived with her father and mother. (7) That her mother having died in November, 1899, the appellant ceased going to the laundry and remained at home keeping house for her father. (8) That she received no money wage, but had board and lodging and clothing free."

Lord ADAM said:

". . . The question therefore is whether or no a woman in such circumstances was dependent on her father. I confess that it seems to me, in point of fact—and it is a question of fact—she was dependent on her father at the date of his death. She was getting no assistance from any source, she was getting board, lodging, and clothing from her father, and in all respects was dependent on him." 42 Scot. L. Rep. 320.

Following these cases above cited, the interesting case of *Simms v. Lilleshall Colliery Co., Lim.* (1917) Workm. C. & Ins. Rep. 218, 16 N. C. C. A. 146, 10 B. W. C. C. 321, was decided. We quote:

"Up to nine years before the death of the father the applicant had also been in domestic service. The father's second wife was then taken ill, and the applicant threw up her situation and came home to nurse her mother. The mother died about a year later, and after this the applicant remained at home looking after the house and doing the housekeeping. She received no wages from her father, but he clothed her, provided her with board and lodging, and occasionally gave her pocket money. She had no other source of income, and apart from her father's earnings she had no means of living at all at the time of his death.

"The applicant admitted that she was strong and healthy, and said she had not up to the date of the hearing tried to get work." Workm. C. & Ins. Rep. 219.

The county court was of the opinion that she was not wholly dependent. The court of appeals reversed this judgment. Lord Cozens-Hardy, M. R., said:

". . . Here the learned judge has taken the view that he must see whether this applicant was physically incompetent to earn wages, in order to ascertain whether she was totally dependent on her father. This is plainly wrong. It seems to me that the learned county court judge had no right to consider anything else but this: Was the daughter in fact wholly dependent on her father's earnings at the time of his death, or had she any other source of income?" Workm. C. & Ins. Rep. 221.

Bankes, L. J., said:

". . . It seems plain that this applicant, in accordance with what persons in that class of life ordinarily regard as their duty, gave up her situation to go and look after her mother, who was ill, and on the mother's death stayed on to look after her father. She looked after her father for many years, and although healthy and strong and physically capable of earning her living, if she had not been entirely occupied in looking after her father, she was in fact wholly dependent on his earnings during all those years and down to the time of his death. Under the circumstances it seems to me the physical capacity or incapacity of the applicant is wholly immaterial; and it is not permissible to take that into consideration for the purpose of taking the applicant out of the class of persons wholly dependent when she would be entitled to the statutory amount of compensation, and placing her in the class of partial dependents, in which case the amount of compensation would be in the discretion of the learned county court judge." Workm. C. & Ins. Rep. 221.

Warrington, L. J., said:

". . . In one sense it is plain that she was wholly dependent on his earnings, as she was earning nothing else, and had no other source of income; but the learned county court judge has thought that he was at liberty to take into account her physical capacity, and, finding that she was strong and healthy, has asked whether, although she did not in fact earn

any wages, she could have earned wages for herself, or otherwise have secured her own maintenance independently of her father's earnings. In my opinion, in asking himself that question, the county court judge was misdirecting himself. I think the only question he had to ask himself in this case was whether she was in fact wholly dependent on her father's earnings at the time of his death. That she plainly was. I think the decision of the learned county court judge was wrong in law, and the matter must go back to him for him to make an award on the footing that she was wholly dependent." Workm. C. & Ins. Rep. 222.

The California act was modeled after the Wisconsin law. Under that act, in *Peterson v. Industrial Acc. Comm.* 188 Cal. 15, 204 Pac. 390, the court upheld an award of the Industrial Accident Commission under the following circumstances: A sister and nephew were found to be totally dependent upon the deceased workman. The deceased employee had provided a home for the applicants and he contributed regularly to the support and maintenance of the family. With the contributions the sister paid the household bills and bought clothing for herself and her son, as well as purchased the household supplies. There is evidence that the sister had done a small amount of work in taking care of children in the neighborhood and that the nephew had delivered papers. In sustaining an award of total dependency the court said:

"There is nothing in the act requiring that a person must be physically or mentally incapable of supporting himself in order to be adjudged a dependent. It is but a truism to say that total dependency exists where the applicants subsist entirely on the earnings of the deceased employee, but in applying this rule courts will not deprive applicants of the rights accorded total dependents, when otherwise entitled thereto, merely because of minor considerations or benefits which do not substantially affect or modify the status of the applicants toward the deceased employee. *Bloomington-Bedford S. Co. v. Phillips,* 65 Ind. App. 189, 116 N. E. 850.

"It appearing that at the time of the deceased employee's

injury the applicants were dependent upon his earnings and contributions for shelter, food, and clothing, and had no independent means of their own, it must be held that they were total dependents." *Peterson v. Industrial Acc. Comm.* 188 Cal. 15, 204 Pac. 391, 392.

In *In re Lanman,* 65 Ind. App. 636, 117 N. E. 671, the deceased workman owned a house in which he lived with his sister, who acted as housekeeper on the understanding that he was to turn over his entire earnings, out of which she was to maintain the home. In affirming an award of compensation the court said:

"It appears that the said Luella Grace Lanman received her entire support from the earnings of her deceased brother, and that she had no independent means of her own. Therefore, if she was a dependent of her deceased brother in any degree, she was a total dependent. This would be true although she may have been able to work for others and thereby earn wages with which to support herself." Page 641.

The Indiana provision of the compensation law specifies those who are conclusively presumed to be wholly dependent for support and then provides:

"In all other cases, questions of dependency, in whole or in part, shall be determined in accordance with the fact, as the fact may be at the time of the injury." Sec. 38.

The Massachusetts court holds to the same effect. In *In re Herrick,* 217 Mass. 111, 104 N. E. 433, 4 N. C. C. A. 554, 555, involving the same question as here, the court said:

". . . Looking, however, at this report, we cannot doubt that there was some evidence that she had been wholly dependent upon her father. She received practically all of his wages, and she testified that all of her support came from him. That but for her sense of duty, because she thought that her father needed her care, she might have continued to earn enough for her own support, and to be independent of him, cannot be decisive as matter of law against her claim. The board well might base its conclusions upon the facts

428

as they were and not upon what might have been the case if her sense of filial duty had been weaker."

No case has been called to our attention, under facts similar to the instant case, which holds a contrary doctrine. In line with these decisions and with the apparent legislative intent, we think the judgment of the circuit court should be affirmed.

*By the Court.*—The judgment of the circuit court is affirmed.