## NELLIE STORING v. HOTEL RADISSON COMPANY AND ANOTHER.[1]

May 31, 1929.

No. 27,171.

[1]Reported in 225 N. W. 652.

■■■■■■■■■■■■

*Alphonse A. Tenner,* for relator.

*Mark F. Crotty,* for respondent hotel company and Integrity Mutual Casualty Company, its insurer.

HILTON, J.

Certiorari to review an order of the industrial commission denying petition of relator, Nellie Storing, for compensation because of the death of her husband, Bert Storing.

Deceased, a painter by trade, 66 years of age, had for a number of years been employed by the Hotel Radisson Company. About 7:30 o'clock a. m. of May 18, 1925, while proceeding to a designated place for work with other employes of said company, Storing was injured in an automobile accident. The admitted accidental injury sustained to his left shoulder arose out of and in the course of his employment. The employer was insured against liability for such injuries by the casualty company above named, which with the employer had due notice of the injury. Storing was temporarily totally disabled from May 18, 1925, to June 20, 1925, inclusive, and compensation was paid at the required rate. He died on July 2, 1926, about 14 months after the accident, his death being caused by carcinoma or cancer of the stomach.

The claim of relator (original petitioner) here is that in the accident her husband was seriously injured by a severe blow on the abdomen; that this injury either caused the formation of a cancer in the stomach or accelerated the ravages of one already there. Relator testified to a discoloration on the left side of Storing's abdomen which turned black and blue and in two weeks had changed to a yellowish color and had practically disappeared at the time he went back to work in five weeks. She was corroborated to some extent by her daughter, who said that she saw the discoloration the first day and also a week or so after that. The son-in-law stated that he saw it the day of the accident.

Testimony for respondents disclosed that about an hour after the accident Storing was given a thorough examination by a doctor who stripped him to his waist. At this time he only complained of an injury to his left shoulder. He said nothing then as to an abdominal injury. This doctor examined and treated him 12 times during the 30 days following the accident; opportunity was thus afforded for noticing an injury to the abdomen had there been any. He found no evidence of a blow on the abdomen, nor did Storing mention any such to him or to his fellow employes. · The nurse in the doctor's office and another physician who was present at times saw no evidences of injuries other than the one on the left shoulder and some bruises of the face and left ear.

The commission found that the carcinoma or cancer of the stomach and the death resulting therefrom were not the result of or in any way caused or produced by the accidental injury but that said death was the result of natural causes and diseases and not the result of accidental injuries arising out of and in the course of said employment. The referee before whom the hearing was had found in favor of the relator. The industrial commission on appeal had before it the entire transcript of the evidence and proceedings before the referee and had the benefit of oral arguments by the respective counsel.

Storing returned to work on June 21, 1925, and worked until August 9. On August 11 he consulted another physician whose examination evidenced no soreness or tenderness in the stomach. After refraining from work for two weeks, Storing worked again for four weeks. After that he did no work and died of cancer on July 2, 1926.

Relator and her husband lived with their daughter and son-in-law. ·Relator testified that Storing vomited after every meal, the son-in-law limited it to three days, while the daughter tells of only one such occurrence. When Storing went first to his own doctor on August 11, he made no statement relative to vomiting. X-rays were taken September 24 which showed the presence of a cancer formation in the stomach.

The expert medical testimony on behalf of relator was not particularly strong or convincing. It was somewhat indefinite. That on the part of respondents was more clear and positive, being in effect that if there had been a blow such as was testified to by the relatives, the clinical history of the case would neither require nor permit a conclusion that the accident caused the formation of the cancer in the stomach, nor an acceleration of one already there. Their testimony was that a trauma of the cancer resulting from a severe blow would cause a perforation or hemorrhage thereof which would result in death inside of 36 hours. Their testimony also was that such history showed that a cancer had formed in the stomach a number of months prior to the accident and that its course was such as would naturally follow, ultimately resulting in death. They testified that in their opinion the accident had nothing to do with the cancer that caused death.

The commission was justified in finding from the conflicting testimony that there was no injury from a blow on the abdomen. This conclusion precludes recovery by relator. The same result would of necessity follow, even if there had been a blow in such locality, if the testimony of the medical experts called by respondents were believed. This case is clearly distinguishable from Gaetz v. City of Melrose, 155 Minn. 330, 193 N. W. 691, cited by relator. There the evidence showed that deceased had received a severe blow in the abdomen on July 5. During the summer a cancer developed in the right abdomen; it was discovered late in August, and Gaetz died therefrom on September 24, 81 days after the accident. The medical testimony in that case also justified the awarding of compensation.

The rule is that the determination of the commission must stand if under the evidence and the inferences which may fairly and reasonably be drawn therefrom reasonable minds might reach different conclusions. 6 Dunnell, Minn. Dig. (2 ed.) § 10426. The commission was fully justified in its determination.

Order affirmed.