MILWAUKEE CASKET COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*April 1—April 29, 1930.*

*Charles H. Gorman* of Milwaukee, for the appellants.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

CROWNHART, J. The respondent Laura Dolbear Kimball was residing with her father at the time of his death and

was receiving her support from him. Her father, William W. Dolbear, died as a result of an accidental injury received while employed by the appellant Milwaukee Casket Company. Both were subject to the workmen's compensation act, and the appellant insurance company was the insurance carrier of the employer.

The respondent Laura Dolbear Kimball, at the time of her father's death, was a divorced woman, about fifty years of age, having a daughter about twenty years of age, both residing with the deceased and being furnished their support by him.

The question at issue on this appeal is whether, by reason of such support, respondent Kimball was wholly dependent upon her father at the time of his death. The evidence fully warranted the commission in finding that she was. It appears that in 1920 the respondent left her husband, and, together with her daughter, thirteen years of age, went to live with her parents. She was divorced in 1921. From November, 1922, to November, 1924, she was employed by a doctor at $100 per month. Her mother was in failing health at the time, and the daughter quit her employment, assumed the management of the household, and cared for her mother. Later the maid, who was doing the housework when respondent came, left the service and the respondent did the housework and cared for her mother as well. Some time after respondent had assumed the management and work of the home of the deceased he began giving her a check of $15 per week, and this he did regularly until his death, besides, during all that time, furnishing respondent and her daughter with their living. There was no agreement between respondent and her father as to their relation. The relation was assumed by both without any contract, expressed or implied. The mother died in April, 1926, and the respondent continued to manage the home and do the housework for her father and draw her full support from him

without any other consideration or understanding than before the death of the mother. A sister, who taught school, lived at home and paid the father a portion of the living expenses.

In the testimony the $15 per week is sometimes spoken of as a "salary," and from such references the appellant seeks to draw the inference that respondent was a wage earner, supporting herself, and not dependent upon her father. However, the evidence is quite satisfactory that the relation was the family relation of father and daughter, rather than that of employer and employee. At least it presented a question of fact for the commission, and its finding is therefore conclusive.

This case is ruled by *Janesville S. & G. Co. v. Industrial Comm.* 197 Wis. 421, 222 N. W. 317. In that case the authorities are fully reviewed, and we are satisfied that the decision correctly states the law, as applied to the facts of this case, as well as to that case.

*By the Court.*—The judgment of the circuit court affirming the award of the commission is affirmed.