MERCHANTS TRUST COMPANY OF ST. PAUL v. G. SOMMERS & COMPANY AND ANOTHER.[1]

June 18, 1937.

No. 31,186.

*Reynolds & McLeod,* for relators.

*Otis H. Godfrey,* for respondent.

LORING, JUSTICE.

*Certiorari* to review a decision of the industrial commission which continued compensation payments, after objection by the insurer, to respondent as guardian of Edward O. Wegwerth.

December 24, 1926, Edward Wegwerth died of injuries received in the course of his employment, leaving him surviving Edward

[1]Reported in 274 N. W. 175.

O. Wegwerth, then a child of nine years. Compensation was awarded the child and has been paid weekly. August 10, 1935, the insurer gave notice of discontinuance of payments as of May 9, 1935, alleging that the case had been overpaid and that payments should have stopped on January 23, 1935, the date upon which Edward O. Wegwerth became 18 years old. The matter was heard before a referee, who found as a fact that Edward O. Wegwerth became 18 years of age on January 23, 1935, *and was not physically or mentally incapacitated.* Upon appeal to the commission the findings of the referee, including that italicized above, were adopted, but the commission, Mr. Commissioner Williams dissenting, reversed the referee and ordered compensation payments to be continued on the ground of "total dependency."

Determination of the case rests wholly upon the interpretation to be given the following sections of the workmen's compensation act. 1 Mason Minn. St. 1927, § 4275, subds. 1, 2, 3, 19, and 20:

"(1) For the purpose of this act, the following described persons shall be conclusively presumed to be wholly dependent: (a) wife, * * *, (b) minor children under the age of sixteen years.

"(2) Children between sixteen and eighteen years of age, or those over eighteen if physically or mentally incapacitated from earning, shall prima facie, be considered dependent.

"(3) Wife, child, husband, * * * who were wholly supported by the deceased workman at the time of his death and for a reasonable period of time immediately prior thereto, shall be considered his actual dependents, and payment of compensation shall be made to them in the order named.

"(19) * * * This compensation shall be paid during *dependency,* but shall not exceed seventy-five hundred ($7,500) dollars in case of a dependent wife, child, children * * *.

"(20) Actual dependents shall be entitled to take compensation in the order named * * * *during dependency,* * * *." (Italics supplied.)

It is relators' contention that as a matter of law the dependency of a child ceases when the child becomes 18 years of age unless he

or she is mentally or physically incapacitated, or that if it is a fact question whether or not a child is dependent, then, as a matter of law, the evidence in the present case does not sustain a finding that the child was a dependent on May 9, 1935. ·

It appears from the opinions of the industrial commission that ever since that commission came into existence it has followed the practice contended for by the relators here and has cut off beneficiaries under the dependency section of the compensation act whenever they cease to be dependent under 1 Mason Minn. St. 1927, § 4275, subd. 2. In the case of Gersech v. St. Louis County, 8 Minn. W. C. D. 328, 331, in an opinion by Mr. Commissioner Debel, the commission used the following language:

"A reading of section 15, chapter 82, General Laws 1921, the so-called dependency section, in force at the time, will disclose twenty subsections, in each of which the word 'dependent' occurs one or more times. Nowhere does the section provide for compensation for anyone except dependents, whether totally or partially dependent, except in the case of remarriage of a widow without dependent children. Subsection 20 specifically provides that 'actual dependents shall be entitled to take compensation * * * during dependency.' Subsection 1 of the same general section provides that children under sixteen years of age 'shall be conclusively presumed to be wholly dependent.' Subsection 2 further provides that 'children between sixteen and eighteen years of age, or those over eighteen if physically or mentally incapacitated from earning, shall prima facie be considered dependent.' There is no evidence or other showing in the case before us indicating that petitioner is or was at the time she became eighteen years of age either 'physically or mentally incapacitated.' We think, therefore, that the referee correctly terminated her right to compensation as of that date. In doing so he was but following a practice followed by the commission administratively ever since it came into existence; that is to say, cutting off beneficiaries under the dependency section whenever they cease to be dependent, thus conserving the balance of the award for the benefit of younger children, so far as possible, during their further dependency. We are of the opinion that this is the

correct rule. If it were not so, there would be many instances where awards in death cases would be exhausted largely by payments to nondependents to the detriment of younger dependent children. We do not think this is within the contemplation of the act."

The respondent to a great extent relies upon State ex rel. Maryland Cas. Co. v. District Court, 134 Minn. 131, 158 N. W. 798, in which this court, speaking through Mr. Justice Hallam, under the law as it then stood, held that a widowed daughter of 30 years of age not physically or mentally incapacitated, but who actually derived support from her father prior to his death, was entitled to the benefit of the compensation act. The opinion was filed in July, 1916, after L. 1913, c. 467 (the original compensation act) had been amended by L. 1915, c. 209, and when subds. 19 and 20 of § 4275 did not exist in their present form, although at that time there were two provisions enacted in 1913 providing for compensation to children only while they were under 18 or physically or mentally incapacitated. It was this court's opinion at that time that the 1915 amendment of § 14, incorporating, by subds. 3 and 3a, into the list of actual dependents children, as distinguished from minor children under 18, in effect modified the provisions of subd. 18 of § 14 and § 34(c) of L. 1913, c. 467, and it was there held that the 30-year old widowed daughter who had a child of six years of age was a compensable dependent. Various reasons were given in the opinion for arriving at this conclusion, but we think that under the act as later amended by L. 1921, c. 82, the reasons given have been removed and that it now becomes apparent that the legislature by the last amendment intended to provide for compensation only during dependency. All of these subdivisions should be construed in the light of the character and purpose of the act. To us it appears that the legislature intended in subd. 3 to list the relatives who would be eligible as dependents in case they had been wholly supported by a deceased workman and provides the order in which they would be entitled to receive the benefits of his compensation. The wife and children under 16 years of age were conclusively made

dependents by subd. 1. Those children between 16 and 18 and those over 18 if physically or mentally incapacitated from earning were to be considered *prima facie* dependents. It would have been useless to preserve these provisions of the statute if the words *wife* and *child* in subd. 3 had been intended adequately and conclusively to cover the question of dependency. If the use of the word *actual* in subd. 3 had been intended to mean conclusively dependent, then why, in subds. 19 and 20, was it provided that compensation should be paid only "during dependency"?

We think that if the statutory provisions of § 4275 are to form a symmetrical and harmonious pattern we must give full effect to the provisions of subds. 19 and 20 as limiting compensation accordingly, and that the dependency of children unless "physically or mentally incapacitated from earning" shall cease at 18 years of age and be only *prima facie* between 16 and 18. Such a construction will protect younger children where such exist, as suggested by Mr. Commissioner Williams in his dissent and by Mr. Commissioner Debel in the Gersech case. This construction places upon industry the burden of contributing to support while dependency in fact, as defined by the act, exists. It appears to us to be what the employe contracted for in electing to accept protection under part II of the act and to give up rights to damages under part I.

Reversed.

PETERSON, JUSTICE (dissenting).

The child at the time of his father's death was nine years old. He was then a dependent and entitled to receive compensation on account of his father's death. The question in this case is whether dependency has ceased by reason of the fact that the child has attained the age of 19 years.

1 Mason Minn. St. 1927, § 4275, subds. 1 and 2, as far as they relate to children, prescribe a rule of evidence. Minor children under the age of 16 years are conclusively presumed to be dependents. This amounts to a settled rule of law as to such children. Children between 16 and 18 years of age are considered to be *prima facie* dependent. Children over 18 years of age, if physically or

mentally incapacitated from earning, *prima facie* shall be considered dependent. This child is over 18 years of age. There was evidence to sustain a finding of the commission that the child was "mentally incapacitated from earning." The finding of the commission is that the child was totally dependent. The evidence shows that the child was attending high school, was not working, and had not sought work. His teacher in mathematics testified that he was not as good as the average student in the classes which he attended and that the average age of these students was from 14 to 16 years. A specialist in diseases of the mind and conditions of mentality, whose testimony was uncontradicted, testified that, while the child was able to do some ordinary types of work, taking work as a whole, he was not in such mental condition as to be a self-sustaining member of society; that he is immature; that he is slow in maturing; and that he has the mental age of "around 15 years." The majority of the commission were of the opinion "that he [the child] should not be required to forego the opportunity to complete his high school education to render himself independent of support, * * *. It seems to us a high school education is a standard of preparation for life to which in this day and age the average Minnesota child may and should properly aspire."

The statute provides that either physical or mental disability may incapacitate a child from earning so as to render him a dependent. If this child were a cripple, so as to be physically unable to support himself, it is not to be seriously doubted that it would be held that he is a dependent and entitled to compensation. Texas Employers' Ins. Assn. v. Arnold (Tex. Civ. App.) 62 S. W. (2d) 609; DeMeritt's Case, 128 Me. 299, 147 A. 210; Gavaghan's Case, 232 Mass. 212, 122 N. E. 298; Dourrieu v. New Orleans (La. App.) 158 So. 581. If the child were only 15 years old physically, he would be physically incapacitated from earning. Mental incapacity may be and generally is more of a disability than physical incapacity. The commission recognizes this commonly known fact in its decision. The decision in this case entirely ignores the basis of the commission's decision. Mental incapacity of a child to the extent shown by the record may cause him to be incapable as a matter of fact from earn-

ing a living and render him a dependent. Since he is mentally incapacitated, he is entitled to receive compensation by the express terms of the statute. Lazzio v. Primo Silk Co. 114 N. J. L. 450, 177 A. 251; Indemnity Ins. Co. v. Nalls, 160 Va. 246, 168 S. E. 346; Reynolds v. Sparger Mill Co. 4 Op. Va. Ind. Com. 300.

Dependency is a question of fact, and a finding thereon will not be disturbed if it is supported by any substantial evidence. Glavin v. Michigan State Highway Dept. 269 Mich. 672, 257 N. W. 753; Lynch v. New York Rapid Transit Corp. 245 App. Div. 884, 282 N. Y. S. 335; Morrill v. Charles Bianchi & Sons, 107 Vt. 80, 176 A. 416; Ferriter's Case, 269 Mass. 267, 168 N. E. 747. The cases are collected and reviewed in notes, 100 A. L. R. 1108; 86 A. L. R. 890; 62 A. L. R. 176; 13 A. L. R. 722. See Olson v. Dahlin Jones Elec. Co. 190 Minn. 426, 252 N. W. 78.

There being evidence that the child was mentally incapacitated from earning, it was not necessary to show that he had sought work or that work could be obtained by him. He sustained the burden of proof that was upon him to make out a *prima facie* case under the statute. The commission's findings are supported by the evidence and should be sustained. The findings of the commission should not be set aside unless the evidence and the permissible inferences therefrom require reasonable minds to adopt a contrary conclusion. Brehm v. Liebenberg & Kaplan, 174 Minn. 376, 219 N. W. 292; Austin v. Leonard, Crossett & Riley, Inc. 177 Minn. 503, 225 N. W. 428; Storing v. Hotel Radisson Co. 177 Minn. 519, 225 N. W. 652; Farley v. Nelson, Mullen & Nelson, Inc. 184 Minn. 277, 238 N. W. 485; Jeffers v. Borgen Chevrolet Co. 199 Minn. 348, 272 N. W. 172.

If the father were alive and supported the child under the circumstances disclosed in this record, it would not be seriously contended that the child was not a dependent of the father. Herbert's Case, 283 Mass. 348, 186 N. E. 554; Herrick's Case, 217 Mass. 111, 104 N. E. 432; Janesville S. & G. Co. v. Industrial Comm. 197 Wis. 421, 222 N. W. 317, 62 A. L. R. 156, and note; Milwaukee Casket Co. v. Industrial Comm. 201 Wis. 516, 230 N. W. 627. The father is gone. In a certain sense the compensation takes the place

of the father's earnings and contributions which would go to the child's support if he were alive. It seems to me that the child is just as much dependent on the compensation which he receives as he would be on his father if his father were alive. In a restricted sense, it was the intention of the compensation act to place the burden of caring for the worker's dependents upon industry. This is true at least to the extent that they are dependents within the meaning of the compensation law. Who is to say that this child is not a dependent and that his father would not willingly assume the burden of educating him so that he could qualify himself as a self-supporting citizen in the struggles of life? It seems that to this extent the statute clearly contemplates that compensation shall be paid. If not, why does the statute provide that either mental or physical incapacity shall be *prima facie* evidence of dependency? The answer plainly is that either or both grounds of incapacity are sufficient to satisfy the requirements of the statute and to furnish the basis for awarding compensation.

Subd. 3 provides that a child may be a dependent. This is without respect to the age of the child. The question in such cases is actual dependency. Mental and physical incapacity to earn are but evidence of dependency, and when either is shown a *prima facie* case is made; but if there is dependency in fact, the child is entitled to compensation regardless of its age. In my judgment the statute does not change the rule in the case of State ex rel. Maryland Cas. Co. v. District Court, 134 Minn. 131, 158 N. W. 798. The decisions of other courts are in accord. Janesville S. & G. Co. v. Industrial Comm. 197 Wis. 421, 222 N. W. 317, 62 A. L. R. 156; Northern Hotel Co. v. Industrial Comm. 233 Wis. 297, 270 N. W. 66. It is not necessary, however, in this case, to decide whether the statute has changed the rule.

The decision of the commission should be affirmed.