MARJORIE H. BROWNE'S CASE.

Suffolk.    February 2, 1948. — February 26, 1948.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Workmen's Compensation Act*, Dependency. *Parent and Child. Words,*
   "His."

Under the revised form of § 35A of the workmen's compensation act
   appearing in St. 1946, c. 553, a child under eighteen years of age,
   living with his mother and father at the time when his mother sus-
   tained injuries compensable under the act, was conclusively presumed
   to be dependent upon his mother, and she therefore was entitled to
   dependency compensation.

CERTIFICATION to the Superior Court of a decision of the
Industrial Accident Board under the workmen's compensa-
tion act.

A decree was entered by order of *Broadhurst*, J.

*E. E. Andrews*, for the insurer.

*M. Rubin*, for the claimant, was not called on.

LUMMUS, J.    The employee, Marjorie H. Browne, was injured on November 30, 1946, while working for her employer.   The single member and the reviewing board found that Phyllis Browne, the daughter of the employee and her husband Walter J. Browne, was born on September 8, 1932, and was living with the employee and her husband at the time of the injury.   Dependency compensation was awarded to the employee.   The Superior Court gave compensation accordingly, and the insurer appealed to this court.

Statute 1946, c. 553, revising § 35A of c. 152 of the General Laws, was approved on June 13, 1946.   It was therefore in force at the time when the employee was injured.   It provided that "Where the injured employee has persons conclusively presumed to be dependent upon him" the sum of $2.50 shall be added to the weekly compensation for each person wholly dependent upon the employee.   It provided further as follows: "For the purposes of this section the following persons shall be conclusively presumed to be wholly dependent for support upon an employee: — ∴ . . (c) Children under the age of eighteen years if living with the employee at the time of his injury, or, if the employee is bound or ordered by law, decree or order of court, or by any other lawful requirement, to support such children, although living apart from them."

The insurer contends that a wife living with her husband is not responsible for the support of their minor child living with them, and that the statute in question was intended to apply only where the father, and not the mother, is the injured employee.   The insurer points out that the statute uses the masculine pronoun "his," and not the corresponding feminine pronoun "her."   But by G. L. (Ter. Ed.) c. 4, § 6, Fourth, "words importing the masculine gender may include the feminine," and by § 6 shall be construed to do so unless that would "involve a construction inconsistent with the manifest intent of the law-making body or repugnant to the context of the same statute."   It is not uncom-

mon in our law for dependency to depend upon legislative fiat, rather than upon the actual fact or upon any legal duty to support. *Gavaghan's Case,* 232 Mass. 212. *Cronin's Case,* 234 Mass. 5. We think that by force of the statute of 1946 Phyllis Browne was dependent upon the employee; and that the employee was rightly awarded dependency compensation. See *Smith's Case, ante,* 186.

*Decree affirmed.*