WHEELING STEEL CORP., APPELLANT, *v.* MORATES ET AL.,
APPELLEES.*

(No. 1133—Decided May 27, 1963.)

*Messrs. Kinder, Kinder & Kinder,* for appellant.

*Mr. R. N. Larrimer* and *Mr. Samuel Freifield,* for appellee
Mary R. Marcozzi Morates.

*Mr. William B. Saxbe,* attorney general, and *Mr. Alvin C.
Vinopal,* for appellee James L. Young, Administrator, Bureau
of Workmen's Compensation.

BROWN, J. Section 4123.59, Revised Code, provides that
payment to dependents shall be made to those partly or wholly
dependent upon any employee whose death is caused by an in-
jury received in the course of and arising out of such employ-
ment.

That section lists those who are presumed to be wholly de-
pendent, makes the determination of the question of dependen-
cy a factual question and excludes dependency to those not
related in specific ways to the decedent. Such section fails to
define dependency.

The claimant, an adult daughter, not falling within the class
presumed to be dependent, attempted to prove factual de-
pendency. She showed that she was in fact being supported by
her father; that she was at the time of his injury and death
keeping house for him; that she had no income of her own; and

---

*Motion to certify the record overruled (38259), November 13, 1963.

that she and her father were both satisfied with this arrangement and intended for it to continue.

The Industrial Commission found that the claimant was entitled to participate in the fund as a person wholly dependent upon the decedent at the time of his death. The Common Pleas Court of Jefferson County affirmed the finding. A jury having been waived, Judge Griesinger, of that court, decided the question of fact and the issues of law upon the pleadings, agreed statement of facts, and a deposition of the claimant, saying:

"The burden is upon the claimant to establish that she is a dependent under the terms and provisions of the statute. This court finds that the claimant-appellee met this burden and under the circumstances and facts presented to the court was a dependent of the deceased employee of the appellant and, therefore, entitled to participate as such under the terms and provisions of the Workmen's Compensation Act. The claimant-appellee was within the class mentioned in the statute and was, as a matter of fact, supported by her father."

Webster's Dictionary clearly gives these meanings to the word "dependent": (1) Relying on or subject to someone else for support, and (2) unable to exist or sustain oneself without support or aid. Under the first definition and the admitted facts, claimant qualifies as a dependent. Under the second, she does not. Since we are required to construe the Workmen's Compensation Act liberally in favor of claimants we must follow the first definition.

Other states have been almost unanimous in saying that a dependent is one who is sustained by another or who relies wholly or in part upon a workman for the reasonable necessities of life. *Anello & Sons, Inc.,* v. *Dunn,* 217 Md., 177, 141 A. (2d), 731; *Federal Cement & Tile Co.* v. *Pruitt,* 128 Ind. App., 126, 146 N. E. (2d), 557; *Mid-State Paving Co.* v. *Farthing,* 233 Miss., 333, 101 So. (2d), 850; *Spellman* v. *Spellman* (Fla. App.), 103 So. (2d), 661; *Langland* v. *State Dept. of Highways,* 250 Minn., 544, 85 N. W. (2d), 736; *In re Estate of Hardaway,* 26 Ill App. (2d), 493, 168 N. E. (2d), 796; *Harve de Grace Fireworks Co.* v. *Howe,* 206 Md., 158, 110 A. (2d), 666; *Rust. Admx.,* v. *Holland,* 15 Ill. App. (2d), 369, 146 N. E. (2d), 82, 67 A. L. R. (2d), 739.

Most clearly in point, however, is the statement in 2 Larson's Workmen's Compensation Law, 109, which follows:

"The Massachusetts and Wisconsin courts distinguished a type of adult-dependent case in which the claimant's abilities were not a resource reasonably available for independent self-support: the case of the adult daughter who stays home all her life and takes care of her father. The daughter's ability to work is not an available source of independent income, since it is committed to the task of housekeeping for decedent. The cases uniformly permit a finding of dependency on such facts, even when the daughter has given up an income-producing job to take care of her father or mother."

Cited are *Janesville Sand & Gravel Co.* v. *Industrial Comm.,* 197 Wis., 421, 222 N. W., 317; *Milwaukee Casket Co.* v. *Industrial Comm.,* 201 Wis., 516, 230 N. W., 627; *Herrick's Case,* 217 Mass., 111, 104 N. E., 432. See, also, *Whittington* v. *Gamble Construction Co.* (Mo. App.), 86 S. W. (2d), 331.

Appellant maintains that there may be no dependency without a concomitant legal obligation to support. The clear language of the statute disposes of this contention, and cases too numerous to mention, but collected and readily available in any standard text upon the subject, show that legal obligation to support is not only not a *sine qua non* of dependency but is not even greatly helpful when present in establishing dependency. 2 Larson's Workmen's Compensation, 110 *et seq.*

For the reason that no assigned error is well made the judgment is affirmed.

*Judgment affirmed.*

DONAHUE, P. J., and FRANCE, J., concur.