[Civ. No. 2441.   Second Appellate District.—December 19, 1917.]

## SANTA ANA SUGAR COMPANY OF SANTA ANA, CALIFORNIA, Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

WORKMEN'S COMPENSATION ACT—CANCER RESULTING FROM FALL—FINDING SUPPORTED BY EVIDENCE.—In this proceeding to review an award of compensation for a sarcoma or cancer alleged to have resulted from a fall while engaged as a workman in a sugar plant, it is held that the finding of the commission is supported by the evidence.

ID.—WEIGHT OF EVIDENCE—CODE PROVISION APPLICABLE.—The principle behind the rule declared in section 2061, subdivision 2, of the Code of Civil Procedure that juries are to be instructed that they are not bound to decide in conformity with the declarations of any number of witnesses, which do not produce conviction in their minds, against a less number satisfying their minds, operates as strongly upon the Industrial Accident Commission as instructions under it do upon juries.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the Second Appellate District to review an award of the Industrial Accident Commission.

The facts are stated in the opinion of the court.

Redman & Alexander, for Petitioners.

Christopher M. Bradley, for Respondents.

WORKS, J., *pro tem.*—Candelario Villa suffered a fall while engaged as a workman at the plant of the petitioner,

Santa Ana Sugar Company. He made claim for compensation for a sarcoma or cancer on his left clavicle, which he contends resulted from the fall. The respondent accident commission found that it did so result and the finding is assailed as being without the support of any evidence.

The testimony of the physicians who were called as witnesses before the commission was in accord upon the point that the lump or swelling indicating the presence of a sarcoma, if it is caused by a fall or a blow, will not make itself manifest upon a bone on the day of the injury, nor on the next day, but only after a ''few days,'' at the earliest; and the evidence appears to show that a sarcoma once appearing will remain apparent to palpation. Villa, his wife, and a friend of his family all testified to the presence, three or four hours after the accident, of a lump at the place on the clavicle at which, according to the testimony of nearly all of the    perts, there was, at the time of the hearing before the commission, a sarcoma. The petitioner contends that the evidence of Villa, his wife and their friend as to the presence of the lump immediately after the accident is uncontradicted, and that, therefore, the sarcoma could not have resulted from the fall. The cases of *Great Western Power Co.* v. *Pillsbury,* 170 Cal. 180, [149 Pac. 35], and *Employers' Assur. Corp.* v. *Industrial Accident Commission,* 170 Cal. 800, [151 Pac. 423], are cited to the point that where all the evidence before the commission upon a particular question tends in one direction and the commission makes a finding contrary to it, the finding must be set aside. But the record presented here is not a one-sided record. The physician who attended Villa immediately after the accident and on the same day it occurred says that he then discovered no injury to Villa except a scalp wound. He saw the patient the next morning, however, and at the request of his wife made a special examination of his left shoulder, stripping it down and going over it carefully. He says: ''It was sensitive, also tender. I don't recall that it was swollen.'' The accident had occurred on September 5, 1916, and on the 8th the physician took an X-ray picture of the region he had thus examined. He says: ''It showed a normal condition of the clavicle.'' There is other testimony to the same effect from the same physician.

There is thus a substantial conflict between the testimony of the physician and the testimony of the three other wit-

nesses; although there is no doubt that the greater quantity of the evidence, looking at quantity alone, was to the effect that there was an elevation on the clavicle soon after the accident and on the same day. But the commission was not bound to take the greater quantity of the evidence as against the lesser. Its members may have seen ample reason to accept the testimony of the physician as against that of the other witnesses. In this state juries are to be instructed that "they are not bound to decide in conformity with the declarations of any number of witnesses, which do not produce conviction in their minds, against a less number . . . satisfying their minds." (Code Civ. Proc., sec. 2061, subd. 2.) The principle behind this rule operates as strongly upon the Industrial Accident Commission as instructions under it do upon juries.

The award is affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 14, 1918.