## HENRY AUSTIN v. RED WING SEWER PIPE COMPANY AND ANOTHER.[1]

June 5, 1925.

No. 24,637.

**Award of compensation for injury resulting in cancer sustained.**

An employe unloading coal from a gondola car undertook to throw out of the car a piece of coal. It struck the top of the car and fell back striking and injuring his cheek. The injury was not of a disabling character but the wound continued under care for about one year and a half and then it was found to be cancerous. Medical testimony attributed the cancer to the injury. *Held* that the evidence justified an award and that the conclusion of the Industrial Commission was not conjectural.

1. See Workmen's Compensation Acts, C. J. p. 115, § 114.

---

1. See note in 20 A. L. R. 23.

Upon the relation of Red Wing Sewer Pipe Company and another the supreme court granted its writ of certiorari, directed to the Industrial Commission, to review its findings allowing compensa-

[1]Reported in 204 N. W. 323.

tion in a proceeding under the Workmen's Compensation Act by Henry Austin, employe, against relator, employer, and General Accident, Fire & Life Assurance Corporation, insurer. Affirmed.

  *Sexton, Mordaunt & Kennedy* and *J. Gordon Pringle,* for relators.
  *Arthur E. Arntson* and *Milton I. Holst,* for respondent.

WILSON, C. J.

Certiorari to the Industrial Commission. Plaintiff, the employe, while unloading coal from a steel constructed gondola coal car, undertook to throw out of the car a piece of soft coal weighing three or four pounds. It struck the side of the top of the car and fell back striking him on the cheek, knocking him down. The employe suffered a wound or cut which bled profusely. He washed and bandaged it, and it has ever since been the subject of bandage and care. The injury was known to the employer, it was not of a disabling character and the employe worked practically all the time for about a year and a half when it was definitely determined that cancer was present. The commission awarded compensation. The principal contention is that the evidence does not justify the award and that cancer does not result from injury.

The substance of the testimony of the medical witnesses called in behalf of the employe is that, in their opinion, the cancer resulted directly from the injury. It is not for us to decide as a scientific fact that trauma causes cancer or that cancer is a medical mystery. The employe in the course of his employment suffered an injury, upon his cheek, at a place previously free from blemish. Under constant care, it developed a malignant growth which was eventually diagnosed as cancer. The circumstance alone is pretty strong evidence that the injury was the proximate cause of the result, and would be quite convincing to the mind of a layman. There is no apparent break in the chain of causation. If the medical profession conceded that it did not know the cause of cancer, the connecting events between the cause and effect in this case might be sufficient to justify the conclusion that the injury was the legal cause and that the result should be compensable. Klika v. Independent School Dist. No. 79, 161 Minn. 461, 202 N. W. 30. But according to the

medical testimony some of the best authorities in medicine and surgery assert that cancer comes from injury. Plaintiff's evidence is sufficient to meet the legal requirements. Other cases have been decided upon the same theory. Schneider, Workmen's Comp. Law, § 311, p. 774; Santa Ana Sugar Co. v. Industrial Acc. Com. 35 Cal. App. 652, 170 Pac. 630; Lewis v. Port of London Authority (1914) 7 B. W. C. C. 577; C. A. Haward v. Rowsell & M. (1914) 7 B. W. C. C. 552; Cramer v. Littell, 38 N. J. L. J. 82. The medical testimony referred to, however, in this case stands uncontradicted, and it, together with the other evidence in the case, sufficiently supports the finding that the cancer was due to the injury which was received in the course of employment. Whether the result was due to the bruise incident to the original injury or to constant irritation thereafter is of little consequence in view of the entire record.

Any uncertainties that may be in this record because one of the doctors said that the causes of cancer are not definitely known; that cancer seldom comes from an injury; that there are a number of different theories advanced by the medical profession as to the cause of cancer, but they are all theoretical; that it is speculative to advance an opinion that the condition in this case was due to the injury, do not reach the state of being conjectural (which is a mere guess, 12 C. J. 503), as claimed by appellant. The record provides such substantial support for the conclusion reached that it cannot be said to rest on surmise or suspicion. The proof is ample.

The respondent is allowed $50 as attorney's fees incident to this proceeding in this court which will be included in the judgment for, and in addition to, the usual costs and disbursements taxed herein.

Affirmed.