MINNIE HALPER v. THE GOLDEN RULE AND ANOTHER.[1]

May 29, 1930.

No. 27,932.

*Jensen & Lyons,* for relators.

*A. I. Levin* and *Keller, Broady & Chapin,* for respondent.

TAYLOR, C.

Certiorari to review the order of the industrial commission awarding compensation for the loss of a leg, amputated because a sarcoma of the bone had developed thereon.

The commission found that the sarcoma resulted from the injury sustained and that the employer had knowledge of the injury within 90 days from the time it occurred. The question presented is whether the evidence is sufficient to sustain these findings.

Minnie Halper was a clerk in the drug department of the Golden Rule department store. On October 23, 1928, while she was carrying a box of soap weighing 44 pounds it slipped and fell striking the inside of her leg just below the point of the knee. It made a red mark which turned black and blue. The leg pained her for a few days and then apparently became normal. A few weeks later the leg began paining her again and began swelling at the point of the injury. On February 2, 1929, she consulted Dr. Chatterton. X-rays

[1]Reported in 231 N. W. 195.

were taken which disclosed that the bone was affected. On February 10, 1929, she was taken to the hospital where an incision was made and some of the diseased material removed for microscopical examination. This examination was made, and one pathologist thought it disclosed a sarcoma and another thought it did not. More X-rays were taken in the latter part of February which showed a marked increase in the affected part. On March 13, 1929, more of the diseased material was removed, and examinations of this convinced all the doctors that the disease was sarcoma. On April 17, 1929, the leg was amputated three inches above the knee.

The doctors agree that no one knows positively what causes sarcoma nor whether it may result from trauma. Dr. Chatterton's testimony is to the effect that in a majority of sarcoma cases there had been a previous comparatively trivial injury; that its effects apparently passed away; and that some months later the sarcoma developed. In the present case the evidence negatives the existence of any prior disease or of any other injury. The sarcoma developed at the exact point of the injury. It began to cause pain in December. Miss Halper thought that the injury had merely caused a temporary lameness which had passed away. When her leg commenced to give her trouble a few weeks later it did not occur to her that this trouble had any connection with the injury, and she made no mention of the injury to the doctors until the fact that she had sustained it was drawn out by the questioning of Dr. Chatterton in his endeavor to find a cause for the diseased condition of the leg.

Dr. Chatterton states in substance that although the cause of sarcoma has not been determined and therefore that he cannot say positively that it may be caused by trauma, yet in view of all the facts he is of opinion that the sarcoma in the present case probably resulted from the injury in question. Dr. Halper states: "My opinion is that it did." Dr. Rutherford states in substance that a large percentage of patients have a history of trauma, and that there being no history of any other causative factor he believes that the injury was the cause of this sarcoma. According to these doctors

the sequence of events accords with the sequence of events in a large proportion of the cases in which sarcoma develops. This sarcoma developed at the exact point of the injury. There is nothing to indicate any other causative factor, and we think that the commission could infer from the evidence as a whole that it resulted from the injury in question.

The employer had fitted up a room in the building with a trained nurse in charge for the purpose of caring temporarily for employes and patrons who became ill or were injured. Injuries of employes were to be reported to this nurse, and it was her duty to report them to the industrial commission. On December 29, 1928, Miss Halper was suffering from a headache and went to the nurse for something to relieve it. Her leg was paining her, and she also told the nurse of that pain. She states that she also told the nurse of the injury. The nurse states that Miss Halper told her of the pain in the leg but did not tell her of the injury. If the nurse obtained knowledge of the injury at this time it was within the statutory period. The commission found that she was informed of the injury at this time, and we think the testimony of Miss Halper is sufficient to sustain the finding. There is no claim that knowledge of the injury by the nurse was not knowledge of it by the employer, for the employer had designated her as the person to whom injuries were to be reported. An attorney's fee of $100 in this court is allowed to the respondent.

The order is affirmed and the writ discharged.