LENA HERTZ v. WATAB PAPER COMPANY AND ANOTHER.[1]

May 20, 1932.

No. 28,871.

*K. A. Campbell,* for relators.
*Atwood & Quinlivan,* for respondent.

LORING, J.

This case was before us once before and was referred back to the industrial commission with directions to take such further evidence as might be offered and to make findings and further order thereon. 180 Minn. 177, 230 N. W. 481. Further testimony was taken. The employe died August 22, 1930, and upon reconsideration of the evidence, together with the additional proof which had been offered pursuant to the direction of this court, the commission made the following order:

"Now, therefore, it is considered and determined, that the dependents, Lena Hertz and Alvin Hertz, are entitled to and hereby are awarded compensation at the rate of $18.40 a week from November 27, 1928, to August 22, 1930, and thereafter at the rate of $13.80

[1]Reported in 242 N. W. 629.

a week during dependency not to exceed the sum of $7,500 compensation to said employe and his said dependents to be paid to the dependent widow for the benefit of herself and her minor dependents, together with medical expenses, if any, the amount of which is not disclosed by the evidence herein."

This court affirmed the commission's order. 184 Minn. 1, 237 N. W. 610. Thereafter the respondent made an application to the commission asking "that the commission make its order amending its decision, determining and finding the amount of the medical expenses and direct the payment thereof." Upon this application the commission had a hearing and filed an order by which it reopened the proceeding and referred the matter to one of its referees for the purpose of taking further evidence to fix and determine the reasonable value of the medical expenses incurred by the deceased employe.

It is contended by the relators that the commission is without jurisdiction to make such an order for the reason that the decision of this court affirming the order of the commission was a final and conclusive adjudication of the cause, citing Orcutt v. Trustees of Wesley M. E. Church, 174 Minn. 153, 218 N. W. 550. That case clearly holds that as to any issue which is determined by the judgment of this court the commission is without power to grant a rehearing or modify the decree in any way; but where, as here, the order affirmed by its terms leaves an issue open for further consideration, the commission is merely following the direction of this court when it takes proceedings in furtherance of the order affirmed.

The order of the commission is affirmed and the case remanded. The respondent is allowed $50 attorney's fees in addition to her costs and disbursements otherwise taxable.