QUIMBY v. LENNON GRAVEL CO.

WORKMEN'S COMPENSATION—FINDING OF DEPARTMENT—NOTICE OF INJURY.
   In proceedings by injured truck owner and operator to obtain compensation from coal mine operator, evidence *held,* to support finding of department of labor and industry that employee had given notice of his injury to steam shovel operator who witnessed the accident and was clothed with authority requiring him to make report thereof to defendant employer, and such finding is conclusive (2 Comp. Laws 1929, § 8451).

Appeal from Department of Labor and Industry. Submitted January 10, 1935. (Docket No. 47, Calendar No. 38,077.) Decided March 5, 1935.

Ellis Quimby presented his claim against the Lennon Gravel Company (Don Shank), employer, and the State Accident Fund, insurer, for compensation for accidental injury received while in defendant's employ. Award to plaintiff. Defendants appeal. Affirmed.

*Pardee & Friegel,* for plaintiff.

*Roy Andrus,* for defendants.

Nelson Sharpe, J. The plaintiff, while in the employ of the defendant Shank, was injured on January 6, 1933, by being struck on the right shoulder by a chunk of frozen dirt which fell from a steam shovel into the cab of his truck, in which he was then sitting. On January 12, 1934, he filed a claim for compensation with the department of labor and industry. A hearing was had and proofs submitted before a deputy commissioner, who denied him compensation for the reason that his petition therefor was not filed in time to entitle him thereto. On review before the commission, this finding was reversed and an award made for the payment of $7 per week for total disability from and after February 17, 1933, until the further order of the commission, from which the defendants, having obtained leave therefor, have appealed.

· The only question presented is whether the defendant Shank had notice or knowledge of plaintiff's injury within three months from the happening thereof. .

The plaintiff was the owner of a truck, and was desirous of securing employment which would include its use. ; He testified that in November, 1932, he talked with the defendant Shank "about a job with my truck;" that Shank said he could use another truck as soon as a Mr. Cone "pulled his two

trucks off;'' that he told Shank he would go over
the next morning to the coal mine where his men
were working and ''stick around,'' and that Shank
said, ''all right;'' that he went to the mine the next
morning, accompanied by Ira Marble; that Clarence
Golombisky was operating a steam shovel, and that
Marble spoke to him and Golombisky ''hollered down
to me and said, 'Get your truck and come down to
work;' '' that he worked there until the accident on
January 6th and got his orders relative to his work,
when Shank was not there, from Golombisky, who
was operating the steam shovel at the time he was
hurt and witnessed his injury; that Golombisky rode
home with him that night, and—

''Well, I said to Clarence on the way home,—he
rode home with me, see,—I said to Clarence, 'That
was a pretty close call,' and 'If it had been a rock
instead of dirt it would probably have put me away.'

''*Q.* You said you thought it was a piece of
frozen dirt?

''*A.* Yes.

''*Q.* What did he reply?

''*A.* He said, 'Yes, it probably would of;' ''

—that he started work the next day; that his son-
in-law came to the mine about 10 o'clock and drove
the truck the rest of that day and the next week, and
that Golombisky was there during that time.

Mr. Shank testified that the men were all working
on a yardage basis; that he was at the mine ''once
or twice a day anyway, and some days I was there
all the time;'' that if there was anything to be re-
ported to him while the work was in progress Golom-
bisky was the man to do it.

Golombisky testified that Shank told him to look
after things when he was not there, and that he was
the only one there to do so.

After reviewing the testimony, the commission in its opinion said:

"Taking all of this testimony together, and all of the testimony in the record on this phase of the case, this commission has come to the conclusion and finds as a fact that the said Clarence Golombisky occupied the position of one clothed with authority requiring him to report to the defendant employer the happening of the accident in question, which he witnessed and knew about and discussed with the plaintiff. He had charge of defendant employer's post in the absence of the defendant employer, and the defendant was absent at the time of the happening of the accident in this case."

This finding was supported by the evidence, and is conclusive. 2 Comp. Laws 1929, § 8451.

The award is affirmed.

POTTER, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.