BADARAK *v*. FORD MOTOR CO.

1. WORKMEN'S COMPENSATION—HERNIA—FURTHER COMPENSATION.
   Employee who slipped and felt a pain in his side, whose injury was reported by employer as right inguinal hernia, upon whom a successful herniotomy on right side was performed, and to whom compensation was paid for total disability until he returned to work *held*, not entitled to further compensation on petition filed nearly four years after he was refused employment when he returned from a short leave of absence upon claim he was then suffering from a left inguinal hernia where, under disputed testimony, department made finding that present condition was not shown to have been caused by the original injury, no notice of injury to left side given, and no claim for compensation made for it, notwithstanding court would have affirmed a finding for plaintiff.

2. SAME—FINDING OF DEPARTMENT—EVIDENCE.
   Supreme Court is bound by finding of fact made by department of labor and industry where there is any evidence to support it even though it might have come to a different conclusion were it the trier of the facts.

Appeal from Department of Labor and Industry. Submitted June 8, 1937. (Docket No. 13, Calendar No. 39,239.)   Decided September 1, 1937.

John Badarak presented his claim for compensation against Ford Motor Company for personal injuries sustained while in defendant's employ.   On petition for further compensation.   Award denied. Plaintiff appeals.   Affirmed.

*Dann & Atlas,* for plaintiff.

*E. C. Starkey* and *W. J. Jones,* for defendant.

Butzel, J. Plaintiff has appealed from an order of the department of labor and industry in which he was awarded no compensation. He was an employee of defendant company upwards of 14 years prior to the 9th day of June, 1931, when he sustained a compensable injury. The employer in its report of a compensable accident set forth that "employee states that after repairing a door, he was pushing on it to see if it would slide open and shut when he slipped and felt a pain in his side," and the nature and extent of injury as "right inguinal hernia." On the 31st day of August he entered into an agreement with defendant to pay compensation at the rate of $18 per week, the injury again being described as a "right inguinal hernia." He accepted an offer of an operation to repair the right inguinal hernia and a successful herniotomy was performed. Compensation was paid up to October 12, 1931, when he returned to work for the defendant. Final report of the accident was filed, which, according to its terms, accompanies the settlement receipt. The opinion of the department states that a settlement receipt was filed and approved by the department. Plaintiff continued to do light work for defendant until March 7, 1932, when he took a short leave of absence on account of the death of his wife. When he sought to return to work, defendant refused to employ him.

On January 10, 1936, plaintiff filed a petition for further compensation, claiming that he had been suffering from a left inguinal hernia and pains in both groins all resulting from the accident of June 9, 1931, and that he had been unable to secure or perform any other employment. The deputy commissioner awarded compensation of $9 per week for partial disability from March 21, 1932, until the further order of the department. On application for

review, defendant claimed that plaintiff had no disability and, if any existed, it was not the result of an accidental injury arising out of and in the course of his employment, and that the case was *res judicata* because of the settlement receipt approved October 30, 1931. At the hearing before the deputy commissioner, plaintiff claimed that at the time of the accident, he felt pains in both sides of the abdomen and that the left inguinal hernia developed so that on March 7, 1932, he was wholly incapacitated to work and on that account was unable to secure employment. In addition to plaintiff's testimony, a doctor, who first examined him in 1936, ascribed the left inguinal hernia to the accident. On the other hand, witnesses sworn on behalf of defendant testified that plaintiff made no complaint in regard to a left inguinal hernia at the time of the accident. The doctor who examined him in 1931 when he returned to work states that he examined him and found no hernia on the left side. Another doctor who examined him in 1936, in answer to a hypothetical question, stated that the hernia found in January, 1936, in his opinion, was not the result of the accident in June, 1931, although it might have been. The testimony is in dispute and had the finding of the department been in favor of plaintiff, we would have affirmed. The record, however, is not devoid of testimony to the effect that the left inguinal hernia was not caused by the accident. Notwithstanding plaintiff's own testimony, that of other witnesses discloses that at the time of the accident, there was no sign of a left inguinal hernia. The department found from the testimony that it was not evident when the left hernia appeared, nor under what circumstances it developed, and that it was only through an inference that the injury could be

said to have caused a weakness which later permitted the hernia to develop on the left side, and that such an inference could not be indulged in, citing *McCoy* v. *Michigan Screw Co.,* 180 Mich. 454 (L. R. A. 1916 A, 323, 5 N. C. C. A. 455); *Ginsberg* v. *Burroughs Adding Machine Co.,* 204 Mich. 130.

The department further found that no notice of injury to plaintiff's left side was given to defendant and no claim for compensation made for it. The department found that plaintiff's disability, as claimed in 1936, did not arise from the accidental injury of June 9, 1931, and that he was not entitled to receive or recover compensation. We are bound by the finding of the department where there is any evidence to support it, and under those circumstances we are bound to sustain the award even though we might have come to an entirely different conclusion were we the trier of the facts.

The award is affirmed, with costs to defendant.

FEAD, C. J., and NORTH, WIEST, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.