MELANCON v. CHRYSLER CORP.

1. WORKMEN'S COMPENSATION—FINDING OF DEPARTMENT—COMPETENT EVIDENCE—OVERWHELMING WEIGHT OF EVIDENCE.

If there is any competent evidence to support finding of fact made by department of labor and industry, such finding is conclusive even against the overwhelming weight of evidence (2 Comp. Laws 1929, § 8451).

2. SAME—ACCIDENT—OPINION TESTIMONY—EVIDENCE—CANCER—CAUSAL CONNECTION—FINDING OF DEPARTMENT.

In pastry cook's proceeding under workmen's compensation act to recover compensation for loss of breast from cancer following accidental injury received when removing a bowl from an electric mixer, opinion testimony of attending physician and another medical expert together with disclosed facts *held*, sufficient to support finding of causal connection between injury and subsequent cancer.

3. SAME—TOTAL DISABILITY—EVIDENCE—CONTINUED PAIN.

Award of total disability to woman who had been accidentally injured while in defendant's employ as a pastry cook, to continue until further order, *held*, justified as of time made by evidence that, after loss of left breast, plaintiff still suffered pain in her left arm, shoulder and place on her left breast, things slip from left hand and attending physician testified that while joints, hands and shoulder are all intact and functioning normally plaintiff should refrain from work for the time being.

Appeal from Department of Labor and Industry. Submitted April 7, 1938. (Docket No. 39, Calendar No. 39,910.) Decided June 6, 1938.

Leona Melancon presented her claim against Chrysler Corporation for compensation for accidental injuries sustained while in defendant's employ. Award to plaintiff. Defendant appeals. Affirmed.

*Samuel Charfoos,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendant.

WIEST, C. J.  In September, 1935, plaintiff was a pastry cook in the cafeteria of defendant company where she had been so employed for five years.  In lifting a bowl with a jerk from an electric mixer, the bowl dropped and she struck her left breast against the mixer.  The blow hurt and she stopped work for a few minutes.  The struck spot turned red, then black and blue and so remained for about a week. In November, 1936, a lump appeared upon her breast at the point of the bruise, and was found to be a cancer, and her left breast was removed.

Claiming causal connection between the cancer and the injury plaintiff applied for and was awarded compensation for total disability.

Defendant prosecutes review, contending that the award was based upon theories and speculations of medical witnesses, and that the disability payments are unwarranted by plaintiff's condition.

We have here a typical instance of disagreement among medical experts relative to cancer following an injury.

Similar disagreement was present in *King* v. *Munising Paper Co.,* 224 Mich. 691, where a workman sustained an accidental injury in February, 1921, and died in March, 1922, from a cancer.  We there followed the universal rule governing review

of awards in compensation cases, and held that, if there is any competent evidence to support the finding made, such finding is conclusive even against the overwhelming weight of evidence.*

In *Winchester Milling Corp.* v. *Sencindiver,* 148 Va. 388 (138 S. E. 479), a cancer followed an injury and medical opinions were, as in the case at bar, at odds. Compensation was awarded.

See, also, *Canon Reliance Coal Co.* v. *Industrial Commission,* 72 Col. 477 (211 Pac. 868), where a workman was struck in the face by a piece of coal and later a cancer, carcinoma, developed. In that case there was a disagreement among the experts and compensation was awarded.

In *Austin* v. *Red Wing Sewer Pipe Co.,* 163 Minn. 397 (204 N. W. 323), a workman was struck on the cheek by a piece of coal. The injury was not of a disabling character and the employee worked practically all the time for a year and a half when a cancer developed at the point of injury. In sustaining the award the court remarked:

"Any uncertainties that may be in this record because one of the doctors said that the causes of cancer are not definitely known; that cancer seldom comes from an injury; that there are a number of different theories advanced by the medical profession as to the cause of cancer, but they are all theoretical; that it is speculative to advance an opinion that the condition in this case was due to the injury, do not reach the state of being conjectural (which is a mere guess, 12 C. J. p. 503), as claimed by appellant. The record provides such substantial support for the conclusion reached that it cannot be said to rest on surmise or suspicion."

In the case at bar plaintiff's attending physician, in answer to a hypothetical question incorporating

---

* See 2 Comp. Laws 1929, § 8451 (Stat. Ann. § 17.186).—Reporter.

facts prior to his employment, supplemented by his knowledge of facts during his employment, testified:

"*Q.*  State whether or not with that history in mind, there could be any relationship between the loss of the breast, and the formation of that particular knob in the area of the trauma and the accidental bumping of her breast?

"*A.*  Well, I think in this case it was.  It could be a probable thing that this injury might have caused this onset of this malignancy.  *  *  *

"I still think it is a probable factor in this case."

He testified that his examination "revealed a sort of low grade inflammatory mass about an inch and a half wide and about an inch up and down.  It was at the inner fold of the breast where the breast attaches onto the torso, and of a reddish nature and very hard.  *  *  *  It was more or less a peculiar location to have, especially in that quadrant.  It is more usual in other places in the breast."

Another medical expert expressed the opinion that, with the history of the case in mind, "The area of ecchymosis being present following the original trauma for a week, that the acute trauma in this case could be a factor in the formation of this malignancy."

Notwithstanding expert testimony to the contrary, the mentioned opinion evidence, considered along with the disclosed facts, supports the finding of causal connection between the injury and subsequent cancer and we may not disturb it.

Plaintiff cannot pursue her occupation of a pastry cook on account of her left arm still paining her and, when she lifts things they slip from her left hand and that arm and shoulder and the place on her breast cause her pain.

Plaintiff's physician testified that the joints, hands and shoulder are all intact and functioning

normally, but he recommended that she refrain from work "because of the seriousness of the thing" and "that she wait and see what happens because of the possible outlook."

The department found total disability and made an award on that basis, to continue until further order.

The evidence justified the award as of that time and if it should, by reason of subsequent evidence, be changed the way is open to bring the matter before the department.

Affirmed, with costs to plaintiff.

BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.