McINTYRE v. BOHN ALUMINUM & BRASS CORP.

1. Workmen's Compensation—Finding of Fact by Department Conclusive.

A finding of fact by the department of labor and industry is final if there is any evidence to support it (2 Comp. Laws 1929, § 8451).

2. Same—Weight of Evidence—Supreme Court.

The Supreme Court is precluded from passing on the weight of the evidence where there is conflicting testimony and must affirm the decision of the department of labor and industry on questions of fact (2 Comp. Laws 1929, § 8451).

3. Same—Lead Poisoning—Accident.

Plaintiff claiming permanent disability due to lead poisoning at time of fire prior to enactment of occupational disease act must show an accident occurred which resulted in lead poisoning and that his present disability is due to that poisoning (Act No. 61, Pub. Acts 1937).

4. Same—Lead Poisoning—Finding by Department—Evidence.

Finding of department of labor and industry that plaintiff had not contracted lead poisoning as result of fire which burned out a ventilating fan in foundry where lead and copper were melted together and poured into graphite molds which plaintiff had prepared, which finding is supported by evidence, is affirmed notwithstanding there is also evidence to the contrary.

Appeal from Department of Labor and Industry. Submitted June 15, 1938. (Docket No. 38, Calendar No. 39,871.) Decided October 3, 1938.

David McIntyre presented his claim against Bohn Aluminum & Brass Corporation, employer, and

Maryland Casualty Company, insurer, for compensation for injuries sustained in defendant's employ. Award denied. Plaintiff appeals. Affirmed.

*Paul W. Tara* and *Robert G. Beloud,* for plaintiff.

*Mason, Davidson & Mansfield (Walter A. Mansfield,* of counsel), for defendant.

Butzel, J. Plaintiff appeals from an award of the department of labor and industry denying him compensation from defendant. The case has caused us considerable concern. The necessity arises here, as it has before, of affirming an award, where, had we been the triers of the facts or weighers of testimony, we might have reversed it. However, under the law, 2 Comp. Laws 1929, § 8451 (Stat. Ann. § 17.186), a finding of fact by the department is final if there is any evidence to support it. Where there is conflicting testimony, we are precluded from passing on the weight of the evidence and must affirm the decision of the department on questions of fact. *Seifman* v. *Ford Motor Co.,* 282 Mich. 342.

Plaintiff worked in a large foundry room, about 40 by 90 feet, where lead and copper were melted together and then poured into molds made of graphite. During the melting and pouring processes, poisonous lead fumes were given off. A ventilating system, with hoods and suction fans, was installed to carry off the fumes and the men working in the foundry wore protective masks. Plaintiff did not work directly with the molten metal, but his duties consisted of heating the graphite molds which contained no lead. For that reason, the position at which he was stationed, which was about 50 or 60 feet from the nearest furnace, was not equipped with a ventilating fan.

At about 11:45 p. m. on February 2, 1935, a fire broke out on the roof of the foundry and burned out a motor operating one of the ventilating fans. Work was continued in the foundry, however, until about 3 a. m. Plaintiff testified that after the fire broke out, and up to 3 a. m., the atmosphere in the room became gloomy, smoky and very stuffy.

Plaintiff returned to work the next day and continued to work during the following week until February 8, 1935, when he became very ill. He was hospitalized by the company's doctor and after five days at the hospital he was taken home, where he remained 5 to 6 weeks. He then returned to work and at the end of a week became ill again and remained at home 7 weeks. He then returned to work again and was given employment as a janitor at a lesser wage. After 3 weeks he was again taken ill and upon returning to work about 6 weeks later was refused employment and has not worked since. He was paid some sums by defendant for his immediate loss and expense.

Plaintiff claims that he has become permanently disabled because of lead poisoning contracted at the time of the fire. Plaintiff does not proceed under Act No. 61, Pub. Acts 1937 (Comp. Laws Supp. 1937, § 8485–1 et seq., Stat. Ann. 1938 Cum. Supp. § 17.220 et seq.), making occupational diseases compensable, the amendment having been enacted after the fire. He must, therefore, show that an accident occurred which resulted in lead poisoning and that his present disability is due to that poisoning.

There is no doubt but what plaintiff was suffering from lead poisoning in 1935. There is a further showing that from 10 to 15 of the 18 men employed in the foundry were hospitalized shortly after the fire. The deputy commissioner awarded plaintiff

compensation. Defendant appealed and the case was heard on March 29, 1937. In an opinion entered October 27, 1937, and signed by two of the commissioners, the award of the deputy commissioner was reversed. The commissioners found that plaintiff's lead poisoning was not due to the accident of February 2, 1935, but was a result of gradual and continued exposure; that he was "laid low January 17th; that he was laid low again February 8th and again (not so completely) March 19th and finally June 21st. Each time, with the exception of the first time, he was deleaded and returned to work but all the while he was losing his tolerance for lead and becoming more easily susceptible to another infection."

The department further found, as an additional ground for reversal of the award, that none of plaintiff's present infirmities was due to lead poisoning, but to diseases that frequently appear in advancing years.

While there is no direct evidence that plaintiff was suffering from lead poisoning prior to February 2, 1935, the night of the fire, nevertheless a doctor who took the stand on behalf of defendant, and who showed a wide experience in lead poisoning cases testified positively that plaintiff could not have contracted lead poisoning in the short time that the fan was not operating. There is also positive testimony that plaintiff was not suffering from any effects of lead poisoning at the time of the hearing. There is considerable testimony by plaintiff's doctor to the contrary. The evidence is entirely in conflict and irreconcilable. After referring at some length to the conflicting testimony of the doctors, the department adopted the views of defendants' witness.

There being testimony to support the findings of the department, we affirm the award, with costs to defendant.

Wiest, C. J., and Bushnell, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred.