DUVALL *v.* FORD MOTOR CO.

WORKMEN'S COMPENSATION—DEATH AFTER PAYMENTS TO EMPLOYEE
—COMPENSATION TO DEPENDENTS.

> Award of compensation to dependents of deceased employee less credit for compensation paid where employee had died nearly three years after accidental injury to leg and had received compensation for either total or partial disability·during periods when not employed is affirmed by an equally divided court, but on rehearing court is unanimous in modifying award so as to permit compensation to commence from date of death and continue for a period of 300 weeks from date of accident (2 Comp. Laws 1929, § 8421).

Appeal from Department of Labor and Industry. Submitted January 10, 1939. (Docket No. 78, Calendar No. 40,261.) Decided April 4, 1939. Submitted on rehearing October 3, 1939. Decided January 16, 1940.

Effie Duvall, widow, and her minor children presented their claim against Ford Motor Company for compensation for death of Simeon Duvall caused by injuries sustained in defendant's employ. Award to plaintiffs. Defendant appeals. Affirmed by an equally divided court. Modified on rehearing.

*John D. Doss* (*A. C. Lappin,* of counsel), for plaintiffs.

*E. C. Starkey* and *W. J. Jones* (*Harry S. Toy,* of counsel), for defendant.

McALLISTER, J. The determination of this case narrows down to the proposition of whether there was any evidence to support the award of compensation by the department; and this in turn depends upon whether there is any evidence of a claim made

for compensation.  The daughter of the deceased workman testified:

"*Q.*  Were you present at any conversation that was had between your mother, sister, and representative of the Ford Motor Company? *A.*  Yes, sir.

"*Q.*  I will ask you whether or not your mother asked this adjuster for compensation? *A.*  We did."

This testimony standing alone would support a finding that there had been a claim for compensation made.  Although the continuation of this testimony is as stated by Mr. Justice CHANDLER, it does not detract from the fact that this evidence shows a distinct claim to have been made.  Inferences that such claim referred to certain past due payments of compensation owed the deceased before his death may not be drawn to overcome this finding of fact of the department.  When supported by evidence, a finding of the department that notice of injury was given is conclusive.  *Monk* v. *Charcoal Iron Co. of America,* 246 Mich. 193.  See *Hajduk* v. *Revere Copper & Brass, Inc.,* 268 Mich. 220; *Quimby* v. *Lennon Gravel Co.,* 270 Mich. 493.  Findings of fact by the department are conclusive when supported by any evidence, *Badarak* v. *Ford Motor Co.,* 281 Mich. 53; *McIntyre* v. *Bohn Aluminum & Brass Corp.,* 285 Mich. 526; even if such finding is against the overwhelming weight of evidence.  *Melancon* v. *Chrysler Corp.,* 284 Mich. 360.  The finding in the instant case that there had been a claim for compensation made is supported by the evidence, and is conclusive upon this court.

The award is affirmed, with costs to plaintiff.

BUTZEL, C. J., and BUSHNELL and POTTER, JJ., concurred with McALLISTER, J.

CHANDLER, J.  Simeon Duvall sustained a compensable injury on March 12, 1930, while in defendant's employ, consisting of a compound comminuted fracture of the right leg and contusions of the left

leg. Subsequent to the injury and during periods he did not receive employment from defendant, he was paid compensation for total disability under an approved agreement, and subsequent to October 28, 1932, received compensation for partial disability pursuant to an agreement executed on the day mentioned.

This proceeding was instituted on July 22, 1936, by the dependents of the injured employee, who had died on January 28, 1933. The department of labor and industry awarded plaintiffs compensation at the maximum rate for a period of 300 weeks from March 12, 1930, the date of injury, defendant to be given credit for compensation paid deceased during his lifetime. Defendant has appealed from this award.

The death certificate attributed death to diabetes mellitus and gave no other contributory causes. Defendant claims that the record contains no competent testimony supporting the finding of the department that the death of deceased from diabetes mellitus was contributed to in any way by the accident which occurred nearly three years prior thereto. We believe the record supports the finding of the department on this point.

This proceeding to secure compensation was not instituted until some three and one half years had elapsed after the death of the employee. Defendant asserts that no claim for compensation was made by plaintiffs within the period required by 2 Comp. Laws 1929, § 8431 (Stat. Ann. § 17.165), and that the proceeding is therefore barred by the provisions of the statute. As to whether or not a claim for compensation was made within the time allowed, deceased's widow gave the following testimony:

"*Q.* Following the death of your husband, within a short period of time did you have any conversation with Mr. Starkey of the Ford

Motor Company? *A.* Well, I called Mr. Starkey on the telephone and about seven days, a week, after my husband died I called him, and asked him if he knew my husband had died; he said he did, and I asked him if he was going to do anything for me and the children, and he left six children; he said, well, did I need help? And I said I certainly did need help, because I was practically without funds; he said, well, he'd see what could be done. That was the telephone conversation."

Although it is not required that a claim for compensation be expressed in technical legal verbiage, the claim, when made, must be unequivocal. *Brown* v. *Weston-Mott Co.,* 202 Mich. 592. It cannot be said that the alleged telephone conversation complied with this rule. It might have been intended by deceased's widow to be a claim for compensation, yet the language used can readily be construed to amount to no more than a request for some kind of charitable assistance from the defendant company. The conversation was similar to that to be found in *Rubin* v. *Fisher Body Corp.,* 205 Mich. 605, wherein we said, in reversing the department's award of compensation:

"Legal liability may not be predicated on mere guess or probability."

The statute is mandatory that the claim must be made within the time limited by the provisions thereof. And the claim, when made, must be unequivocal. Based upon this conversation, therefore, it must be held that a legally sufficient claim was not made.

Plaintiffs, however, also rely on testimony given by a daughter of deceased, relative to a conversation alleged to have taken place with another representative of the defendant company.

"*Q.* Did the representative for the Ford Motor compensation department come out to your house after your father died? *A.* Came out—we just came back from the funeral—the day my father was buried.

"*Q.* Were you present at any conversation that was had between your mother, sister, and representative of the Ford Motor Company? *A.* Yes, sir.

"*Q.* I will ask you whether or not your mother asked this adjuster for compensation? *A.* We did.

"*Q.* What did he tell you? *A.* He had two checks in his hand right there, he showed them to us. He said he had to take them back, they would have to go according to the law.

"*Q.* He did not say what law? *A.* He didn't say what law. We didn't see the checks again. * * *

"*Q.* Those checks were made out to your father, weren't they? *A.* Yes, sir.

"*The Commissioner:* The checks, were they the same type of checks he had been receiving before he died? *A.* Yes, sir."

It is apparent, from a reading of the testimony in its entirety, that the compensation requested referred to payments which had accrued to deceased prior to his death, and that the checks representing the sum so accrued were made payable to deceased. It is obvious that this request referred to these sums, and was not intended and did not constitute a claim for compensation by the widow as a dependent of the deceased employee. It was essential that a claim for benefits by or on behalf of plaintiffs as dependents be made subsequent to the death, irrespective of the fact that payments had been made to the employee during his lifetime. 2 Comp. Laws 1929, § 8431 (Stat. Ann. § 17.165).

Plaintiffs claim that because defendant did not file a supplemental report of death as required by the provisions of 2 Comp. Laws 1929, § 8456 (e) [Stat. Ann. § 17.191 (e)], it is prevented from raising the statute of limitations contained in section 8431 in its defense. Section 8456 (e) requires that a supplemental report of death shall be filed within a certain specified number of days "In all cases in which an accidental injury suffered by an employee shall result in his death." It further provides that if the required reports are not filed, the employer shall be prevented from raising the defense of the statute of limitations contained in the act.

The foregoing provisions do not apply where one of the seriously contested questions involved in the case is, as in the instant case, whether or not the accident, occurring nearly three years prior to the death of the employee, caused or contributed in any way to said death.

Award should be vacated, with costs to defendant.

WIEST, SHARPE and NORTH, JJ., concurred with CHANDLER, J.

### ON REHEARING.

McALLISTER, J. In our previous decision, the order of the department of labor and industry granting benefit payments to dependents of decedent from March 12, 1930, the date of the accident, for 300 weeks thereafter, was affirmed, on the finding of the department that proper notice was given. On rehearing, among other contentions it is urged by defendant that where compensation has been paid to the injured employee during his lifetime, the allowance of the death benefits shall commence as of the date of death and continue for a period of 300 weeks from the date of the accident. Since our opinion in this case, we have, in *Kaiser* v. *Little Brothers Foundry Co.*, 289 Mich. 627, determined this question in accordance with the claim of defendant herein. The case is, therefore, remanded to the department of labor and industry for an award of benefit payments computed from the date of the decedent's death to 300 weeks from the date of the accident.* Costs to defendant.

BUSHNELL, C. J., and POTTER and BUTZEL, JJ., concurred with McALLISTER, J.

CHANDLER, J. This case is again here on rehearing. We have given the motion for rehearing and briefs filed in support thereof careful consideration. We find no occasion to change the views expressed in the original opinion filed by the writer, and adhere to the views there expressed.

SHARPE, NORTH, and WIEST, JJ., concurred with CHANDLER, J.

PER CURIAM. Division on rehearing bringing no reversal, the award as modified is affirmed.

---

* See 2 Comp. Laws 1929, § 8421 (Stat. Ann. § 17.155).—REPORTER.