FLORES *v.* NICHOLSON TERMINAL & DOCK CO.

1. WORKMEN'S COMPENSATION—FINDING OF FACT BY DEPARTMENT —EVIDENCE.
   If there is any testimony in the record on appeal from the department of labor and industry on a controverted issue of fact, the Supreme Court will affirm the finding of the department (2 Comp. Laws 1929, § 8451).

2. SAME—COMMON-LAW MARRIAGE—EVIDENCE—FINDING OF DEPART-MENT.
   In proceeding to recover workmen's compensation for death of defendant's employee, evidence on issue as to whether or not plaintiff was the common-law wife of the employee *held,* sufficient to support finding of department that there was a common-law marriage between plaintiff and the deceased, which finding is conclusive upon Supreme Court (2 Comp. Laws 1929, § 8451).

Appeal from Department of Labor and Industry. Submitted June 25, 1941. (Docket No. 76, Calendar No. 40,816.) Decided September 2, 1941.

Alice Flores presented her claim for compensation for the death of her husband Paulino Flores against Nicholson Terminal & Dock Company, employer, and State Accident Fund, insurer. Award to plaintiff. Defendants appeal. Affirmed.

*Berger, Manason & Barris,* for plaintiff.

*Harry H. Mead* and *Miller, Bevan, Horwitz & Des Roches,* for defendants.

North, J. This is an appeal by the employer and the State accident fund from an award of compensation to plaintiff. In November, 1938, Paulino Flores sustained fatal injuries in an accident which arose out of and in the course of his employment with the defendant employer. Alice Flores, plaintiff herein, had been living with deceased for approximately 12 years prior to his death; and she filed the petition in the instant case for compensation as his common-law wife. Both the deputy commissioner and the department on review found as a fact that plaintiff was the common-law wife of the deceased employee. From this determination by the department defendants have appealed.

If there is any testimony in the record to support the finding of the department of labor and industry on the controverted issue of fact, affirmance results. The issue narrows down as to whether there is any testimony to sustain the conclusion that plaintiff and the deceased employee at a given time agreed with each other presently to become and be husband and wife and thereafter lived together in that relation. Appellants assert that at most the testimony in behalf of plaintiff disclosed only an agreement between her and the deceased employee that at some future time they would be married.

Review of the record discloses that there is a conflict in the testimony of the controlling issue. Some of plaintiff's testimony is to the effect "that we intended to get married at some future time;" but in other portions of her testimony she positively asserted that in 1926 there was an agreement between her and the deceased employee presently to become and be husband and wife. Referring to her meeting Paulino Flores in 1926, plaintiff testified:

"*A.* Well, after we talked for a while he asked me if I was willing to become his wife. Then I asked him if he was willing to be my husband. He answered 'Yes.'

"*Q.* What did you say in answer to his question as to whether or not you were willing to be his wife?

"*A.* Yes, I answered I was willing to be his wife.

"*Q.* And did you go and live, cohabitate with him after that?

"*A.* Yes. * * *

"*Q.* How long did you continue to live and cohabitate with him, until the time of his death?

"*A.* Yes, for 12 years. * * * I agreed to be his wife; and he agreed to be my husband. * * * We were husband and wife the minute we made the agreement."

The above-quoted testimony is supplemented by a further showing that Paulino Flores introduced plaintiff to others as his wife, that the defendant employer's records showed that deceased was a married man, that relatives and friends of the deceased in corresponding with plaintiff addressed her as Mrs. Flores, that incident to the administration of the last rites to deceased by a priest who asked deceased if he was married the reply was "Yes," and in its report of a compensable accident in the instant case the defendant employer stated Paulino

Flores was "married." Appellants particularly stress certain answers of plaintiff contained in a written statement obtained from her by a representative of the State accident fund subsequent to the accident. In one of her answers referring to the 1926 conversation plaintiff said: "Our only conversation was that we intended to get married at some future time." But concerning her answers in the written statement obtained from her, plaintiff testified:

"*Q.* You didn't tell any untruth to Mr. Peters here, did you?
"*A.* I told the truth. Some things he didn't wrote the way I told him.
"*Q.* Some things he didn't want to add to it?
"*A.* He didn't wrote the way I told him to write it. * · * * I told him I didn't like the way it was written. He said, didn't make any difference, so I thought didn't make any difference. * * *
"*Q.* You told him what you wanted to put in?
"*A.* Yes.
"*Q.* But he wouldn't put them in there?
"*A.* No."

Other portions of plaintiff's testimony are subject to the construction that her "conversation" with decedent contemplated only a future marriage. But we think the department, if it so determined, was justified in construing such testimony in the light of the fact that the record discloses decedent, who was of Catholic faith, was desirous of having a formal marriage ceremony notwithstanding the 1926 agreement between him and plaintiff presently to accept each other as husband and wife. Plaintiff testified:

"*Q.* Was anything said at that time about having a ceremony?

"*A.* Yes, we also made an agreement in the future we was going, religious ceremony because he was a Catholic. I said can have religious ceremony to satisfy the church because he was Catholic."

We forego further review of the record and deem it sufficient to note that we find in it testimony in support of the department's finding as a fact that there was a common-law marriage between plaintiff and Paulino Flores. Such finding is conclusive upon appeal in the nature of certiorari to this Court. The statute (2 Comp. Laws 1929, § 8451 [Stat. Ann. § 17.186]) so provides, and among our numerous cases so holding see *Melancon* v. *Chrysler Corp.,* 284 Mich. 360.

The award is affirmed, with costs to appellee.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, STARR, WIEST, and BUTZEL, JJ., concurred.