CHARLES P. LEE ET AL. v. THEODORE R. BLESSING.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued January 5—decided February 7, 1945.

*DeLancey Pelgrift,* for the appellant (defendant).

*Edward H. Smith,* for the appellee (plaintiff Minnie Lee).

JENNINGS, J. Minnie Lee, hereinafter referred to as the plaintiff, was injured in an automobile accident. She had a verdict of $10,000 based on a traumatic cancer of the breast. The parties stipulated, in effect, that if there was evidence from which the jury could reasonably infer a causal connection between the trauma and the cancer the verdict should stand; if there was no such evidence, the verdict should be set aside as excessive.

The accident occurred on December 24, 1942. The plaintiff was taken to the East Hartford Hospital, where she remained until January 9, 1943. She had, among other injuries, a cracked sternum and a black and blue area over her left breast close to the center of the body. She complained of pain in this region and returned for treatment until February 13, 1943, when a cystic mastitis of this breast, at the place of injury, was found. The flesh affected was removed the next day and sent to the pathology department of Yale University which diagnosed it as adenocarcinoma comedo or cancer of the glands of the breast. Thereafter the breast was removed.

Only the medical testimony is printed. It is highly technical. The jury could reasonably have found that the cause of cancer is unknown; that the preponderance of medical opinion today is to the effect that cancer rarely if ever results from a single trauma; but that the exceptional circumstances surrounding this case, particularly the period that elapsed between the date of the trauma and the appearance of the cancer, and the fact that the cancer was located at the precise point of injury, justified the conclusion that there was a causal connection between the plaintiff's

injury and her cancer. All of the plaintiff's doctors were of the latter opinion. Her attending physician was a graduate of Yale Scientific School and the Johns Hopkins Medical School and interned for three and a half years, for a part of this time in the Memorial Hospital for Cancer in New York. Her experts who answered hypothetical questions were, respectively, a specialist in the treatment of cancer by radium, x-ray and surgery, and a general surgeon. It is true that they admitted on cross-examination that an important factor in forming their opinion was the fact that the cancer followed the trauma. Their testimony, taken as a whole, however, was sufficient to support the jury's verdict. Two of the defendant's experts admitted that if certain conditions were fulfilled (and the plaintiff claimed that they were) the causal relationship would be proved.

Similar findings have been sustained. In the following cases, awards for cancer following trauma were made, necessarily implying a causal connection between the two. *Garrison* v. *Beacon Falls Rubber Shoe Co.*, 5 Conn. Comp. Dec. I-445; *Concetta* v. *State Highway Commission*, 6 id. at I-256; *Hoyt* v. *Seymour Commercial Co.*, 7 id. at I-161; *Spino* v. *Watertown*, 10 id. at 531 (the memorandum of the commissioner states the problem concisely yet comprehensively); *Dunn* v. *Tilo Roofing Co.*, 11 id. at 286; *Halper* v. *Golden Rule Co.*, 180 Minn. 477, 231 N. W. 195; *Melancon* v. *Chrysler. Corporation*, 284 Mich. 360, 279 N. W. 861; *Owensboro* v. *Day*, 284 Ky. 644, 649, 145 S. W. (2d) 856; *Sellon* v. *Great Lakes Transit Corporation*, 87 Fed. (2d) 708, 709; *Vitale* v. *Duerbeck*, 338 Mo. 556, 568, 92 S.W. (2d) 691, 695; *Haward* v. *Rowsell & Matthews*, 7 B. W. C. C. 552, 558, 559; and see note, 13 N. C. C. A. (N. S.) 18; Horovitz, Workmen's Compensation, p. 147.

On the whole record, ·the verdict of the jury must stand. .

·There· is no error.

· In· this opinion the other judges concurred.